Raymond Keith CHAPPELL,
Appellant,

v.

Brenda Marie CHAPPELL, Appellee.

No. 2009–CA–000634–MR.

Court of Appeals of Kentucky.

April 16, 2010.

---

David T. Sparks (argued), Bowling Green, KY, for appellant.

J. Richard Downey (argued), Bowling Green, KY, for appellee.

Before COMBS, Chief Judge; CLAYTON and STUMBO, Judges.

## OPINION

COMBS, Chief Judge.

Raymond Keith Chappell appeals from an order of the Allen Circuit Court, Family Division, concerning child custody, visitation issues, and distribution of marital property. After our review, we affirm.

Brenda and Keith married in Tennessee in 1994; three children were born of the marriage. They separated in January 2007. A temporary joint custody order was entered by the court, and Brenda was designated as the children's primary residential custodian. The parties were divorced by court order on October 1, 2007.

Brief hearings were conducted in September, October, and November 2008. The court heard testimony relevant to a permanent custody decision. On January 20, 2009, the court issued its findings of fact, conclusions of law, and judgment awarding the parties joint custody of the children. Brenda was to remain the primary residential custodian. This appeal followed.

Keith contends that the trial court abused its discretion and deprived him of a fair hearing by declining to interview the children before reaching a determination with respect to their custody. We disagree.

 Kentucky Revised Statute(s) (KRS) 403.290(1) provides that the court "**may interview** the child in chambers to ascertain the child's wishes as to his custodian and as to visitation." (Emphasis added.) If the court elects to conduct such an interview, a record of the interview must be made and filed. The decision of the court is discretionary since the statutory language is permissive rather than mandatory.

The separation and divorce were particularly acrimonious, and although the children were not of tender years, the trial court was seriously concerned about the potentially lasting effects resulting from an in-chambers interview. Although the children were available and could have been called to testify, both of the attorneys of record declined to summon them to the witness stand—presumably electing to spare them a possibly traumatic experience in eliciting testimony that had already been presented from other sources. After reviewing "an abundance of other evidence introduced about the children and their relationships," the court made a carefully deliberated decision "not to further bring the children into the middle of this dispute." Order of March 27, 2009.

After our review of the evidence presented and in light of the permissive rather than mandatory language of the statute,

we conclude that the court did not abuse its discretion by determining not to conduct an in-chambers interview of these children.

Keith next contends that the trial court erred by failing to designate him as the primary residential custodian. He argues that even without direct input from the children with respect to their custody preferences, he "managed to present a winning case." Brief at 15.

In custody matters, the court's "[f]indings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Kentucky Rule(s) of Civil Procedure 52.01. "A factual finding is not clearly erroneous if it is supported by substantial evidence." *Sherfey v. Sherfey,* 74 S.W.3d 777, 782 (Ky.App.2002). "Substantial evidence" is "evidence of . . . relevant consequence sufficient to induce conviction in the minds of reasonable people." *Id.* Broad discretion is vested in trial courts in matters concerning custody and visitation. *See Futrell v. Futrell,* 346 S.W.2d 39 (Ky.1961).

We have reviewed the entirety of the proceedings before the trial court. The court found that Keith's witnesses were overly zealous in criticizing Brenda's parenting skills and tended to exaggerate the conditions at her home. More significantly, the court found that Keith's witnesses failed to present any reliable evidence to support his assertion that the children were endangered when left in Brenda's care and control.

The court determined that throughout the parties' marriage, Brenda had been primarily responsible for the day-to-day rearing of the children. It found that the parties had determined long before their separation that a private, parochial school was the best option for the children. After hearing from a school administrator, the court found that Victory Christian Academy was meeting the children's academic and social needs.

The court also found that each parent maintained a suitable home for the children; that the children loved each other; and that they should reside together in a single household. The findings of fact included in the circuit court's custody decision were supported by substantial evidence.

In light of these findings, we must determine whether the circuit court abused its discretion by concluding that it was in the best interest of the children for Brenda to be designated as the primary residential custodian. We are persuaded that the court did not abuse its considerable discretion.

The provisions of KRS 403.270(2) require a trial court to determine custody in accordance with the child's best interest, giving equal consideration to each parent. The court must consider all relevant factors:

(a) The wishes of the child's . . . parents . . . as to his custody;

(b) The wishes of the child as to his custodian;

(c) The interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interests;

(d) The child's adjustment to his home, school, and community; [and]

(e) The mental and physical health of all individuals involved[.]

KRS 403.270(2). The provisions of KRS 403.270(5) authorize the trial court to grant joint custody if and when that designation is in the child's best interest.

The trial court carefully and directly considered each of these statutory ele-

ments. In particular, the court noted Brenda's desire to have the children establish and maintain a close connection to their father. The court also noted Keith's prior tendency to punish the children excessively and to speak to them harshly. However, the court was persuaded that Keith had made strides toward improving his interaction with them and, therefore, it decided not to restrict his right to visitation. Although Keith's relationship with the eldest child, a daughter, had become increasingly strained during the course of the dissolution proceedings, the court nonetheless determined that it was in her best interest to build a relationship with her father. In this child's case, the court ordered a mandatory visitation schedule. However, the court decided that it was in the best interests of the children to continue residing primarily with Brenda. Having determined that the court's decision was not abuse of its discretion, we cannot disturb it on appeal.

Finally, Keith contends that the Allen Circuit Court erred in its distribution of marital property. We disagree.

■ The trial court concluded that the equity in the parties' marital home would be divided evenly between them. Keith argued that the parties' appraiser had inflated the value of their real property, but the court was convinced that the fair market value of the property on the date of dissolution was $74,000.00. The court valued the equity at $27,000.00 and ordered Keith to pay the sum of $13,500.00 to Brenda.

At trial, Keith indicated that the appraisal report was erroneous in several respects. He contended that the report was flawed because it characterized a shed on the property as a "barn"; included the value of a non-existent pond; and attributed value to their mobile home for a central heating and air-conditioning system. The trial court rejected Keith's assertion that these alleged errors materially impacted the appraisal since the fair market value of the property was reached using a comparison approach and not a cost approach. We have reviewed the contents of the appraisal and the testimony, and we cannot conclude that the trial court erred in its distribution of the property.

We affirm the judgment of the Allen Circuit Court.

ALL CONCUR.