**Peter R. CIAMPA, Appellant**

v.

**Cynthia L. CIAMPA, Appellee.**

**No. 2013–CA–000121–ME.**

Court of Appeals of Kentucky.

Aug. 16, 2013.

Discretionary Review Denied by Supreme Court Dec. 11, 2013.

Tiffany Gabehart Poindexter, Paducah, KY, for appellant.

John T. Reed, Paducah, KY, for appellee.

Before CLAYTON, COMBS, and MAZE, Judges.

*OPINION*

CLAYTON, Judge:

Peter R. Ciampa appeals from the December 17, 2012, McCracken Family Court order, which made additional findings of fact regarding its October 17, 2012 findings and child support order, but denied the remainder of the motion to alter, amend, or vacate its earlier decision. Instead, the family court maintained its order requiring Peter to provide $5,800 per month in child support. After careful review, we affirm.

## FACTS

Peter R. Ciampa and Cynthia L. Ciampa (hereinafter "Cindy") were married in 1988. Three daughters were born of the marriage. In November 2005, they separated and filed for dissolution of the marriage. A decree of dissolution was granted on December 4, 2006. On March 31, 2008, the family court entered supplemental findings of fact and decree, which incorporated a partial separation agreement and property settlement, crafted by the parties on March 24, 2008, following a mediation conference.

This issue on appeal is child support. The pertinent history of child support begins with the previously-mentioned property settlement agreement. Therein, Peter agreed to provide Cindy with $6,000 per month in child support for their three daughters. Next, in June 2010, when the parties' oldest daughter turned 18, Cindy made a motion, which among other things, included a request for modification of child support. The family court held a hearing on the various issues including child support. An order was entered on July 6, 2010, wherein the family court made extensive findings regarding reasonable living expenses for the remaining two minor children and ordered that Peter's monthly

child support payment remain at $6,000 per month.

Next, in June 2012, Peter moved for a modification of child support because the second daughter would turn eighteen in July 2012, and he would only be responsible for child support for one child. A hearing was held on October 8, 2012. Subsequently, the family court entered findings of fact and an order modifying child support on October 17, 2012. This order reduced the child support monthly payment from $6,000 to $5,800.

Thereafter, Peter made a motion to alter, amend, or vacate, or in the alternative, make more specific findings. On December 17, 2012, after a hearing on the motion, the family court made additional findings but denied the request to reduce the amount of its original, monthly child support. Peter now appeals from this order.

## STANDARD OF REVIEW

■ Kentucky trial courts have been given broad discretion in considering a parent's assets and setting correspondingly appropriate child support. *Redmon v. Redmon*, 823 S.W.2d 463 (Ky.App.1992). As long as the family court's discretion comports with the guidelines, or any deviation is adequately justified in writing, this Court will not disturb the trial court's ruling in this regard. *Commonwealth, ex rel. Marshall v. Marshall*, 15 S.W.3d 396, 400–01 (Ky.App.2000).

■ A family court's discretion, however, is not unlimited. The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Goodyear Tire and Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky.2000); *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky.1999). Keeping this standard in mind, we turn to the matter herein.

## ANALYSIS

### Child Support

The child support guidelines set out in Kentucky Revised Statutes (KRS) 403.212 serve as a rebuttable presumption for the establishment or modification of the amount of child support. Nevertheless, family courts may deviate from the guidelines when they make specific findings that application of the guidelines would not be just or appropriate. KRS 403.211(2). Specifically, the family court may use its judicial discretion to set child support outside the guidelines in circumstances where combined adjusted parental gross income exceeds the uppermost level of the guidelines. KRS 403.212(5).

In the case at hand, Peter is self-employed as an oral surgeon. According to his 2011 tax return, he earned $728,046 in taxable income and $89,627 in tax-exempt income, which combined provided him with a total annual income of $817,673. Cindy does not work outside the home. She provided a 2011 tax return that showed that she had taxable income of $32,681 and tax-exempt income of $19,723, which provides her a total annual income of $52,404.

Consequently, according to the parties' tax returns, their combined income is more than $870,000, which is indisputably outside the income guidelines of the child support charts. The uppermost annual income level listed in the child support guidelines is $180,000. Thus, pursuant to the statutory instructions, the family court "may use its judicial discretion in determining child support in circumstances where combined adjusted parental gross income exceeds the uppermost levels of the guideline table." KRS 403.212(5).

### Setting child support outside the guidelines

■ Having determined that the parental income of the parties was outside the

child support guidelines, the family court may use its discretion to set the child support amount outside the guidelines as long as it justifies the deviation in writing. *Marshall,* at 400–401. Further, if it gives appropriate written reasons, this Court will not disturb the trial court's ruling in this regard. *Id.*

In the instant case, the family court issued two findings of fact and orders wherein extensive information was provided explaining the family court's rationale for the amount of its child support order. The family court noted the child's reasonable needs were $6,617 per month despite the fact that Cindy submitted proffered expenses totally $9,312.27. Notably, in the family court's second set of findings, the family court determined that some of the requested expenses for the child were not reasonable. Therefore, the family court did not include these expenses when it calculated the amount of the monthly child support.

*Peter's arguments challenging the child support*

Peter proffers several arguments to undermine the credibility of the family court's decision. We, however, are not persuaded by these arguments. His major concerns are the family court's inclusion of a *future* expense, that is, the purchase of a car when the minor child turns 16; the admissibility of certain evidence provided by Cindy to the family court substantiating the expenses of the child; and, the family court's handling of housing and other expenses as reasonable needs of the child. Further, Peter questions whether the intent of the statute, KRS 403.212(7), is met when the family court ordered only a three per cent reduction in the child support amount and the child support is for one rather than two children.

With reference to the prorated amount for the purchase of a car, we see no reason to second-guess the family court judge. In the interest of fairness, in the December 17, 2012 findings, the family court judge reduced the initial amount requested for the car purchase by prorating the amount of support for the car expenses over 48 months rather than the requested 36 months. Further, nothing prevents Peter from making a motion to be reimbursed for the car expense if Cindy does not purchase the car for the child.

Next, Peter maintains that the expenses submitted by Cindy were not adequately substantiated, and further, were not formally introduced at the hearing so that he could make objections to them. In fact, a review of the record shows that not only did the family court judge assent at the hearing to the introduction of the exhibit but also the exhibit itself is found in the record and labeled as Defendant's Exhibit No. 4. Lastly, the following finding is found in the December 17, 2012, findings: "... The Court finds that the remaining expenses were actually paid by the Respondent [*sic*] and substantiated by documentation." Hence, Peter's allegation is not supported by the record. The exhibit was formally entered and the family court deemed that the expenses were substantiated. Moreover, his counsel had adequate opportunity to challenge them.

We now address Peter's contention that the family court erred when it included housing and other expenses in its calculus of reasonable needs of the child. Peter's arguments are based primarily on the fact that the amounts were not significantly reduced from 2010 when child support had previously been set. Also, Peter maintains that the family court erred in not imputing income to Cindy.

Again, it is the family court that hears the evidence and knows the situation. Two explanations were provided for the minimal change. First, the expenses for

the child have increased over two years. For instance, the tuition to her parochial high school increases each year. Second, Cindy contends that she has researched the actual amount of expenses more extensively than she did for the previous modification hearing.

It is the task of the family court to determine the reasonable portion of housing expenses to allocate for a child when establishing child support. Moreover, reasonable household expenses resulting from a child living in the home are certainly part of the child support equation. Here, Peter has not challenged that the family court has authority to appropriately deviate from the child support guidelines when it provides written findings of fact to support the amount ordered. Having decided that the family court had evidence to support the child support amount that it eventually ordered, we ascertain no abuse of discretion in regard to the amount of household expenses allocated to the child.

With regard to Cindy's employment and income, we observe that the family court included income related to Cindy's tax return. Further, as noted by the family court, imputing income to her based on her job history and qualifications has no impact on the calculations herein. So, regarding imputation of income to Cindy, the family court considered it, made written findings, and did not abuse its discretion in resolving this issue.

In response to Peter's argument that the intent of the statute, KRS 403.212(7), is not met when only a three per cent reduction in the child support amount is ordered and the child support is for one rather than two children, we make several observations. First, KRS 403.212(7) does not express any intentionality but merely lists the amount of child support to be paid when parties' income is not outside the guidelines.

Moreover, parents not only have a universal and moral duty to support and maintain their minor children, but they also have a statutory duty. KRS 405.020. And child support is a statutory duty intended to benefit the children not the parents. *Clay v. Clay,* 707 S.W.2d 352 (Ky. App.1986). The legal obligation to support children remains until the children are emancipated. KRS 403.213(3).

In light of the statutory and moral imperatives for child support, it is the duty of the family court to consider the minutiae and details necessary to fashion a reasonable child support order. It is not the province of an appellate court to delve into these details. Here, the family court made a thorough and conscientious record of the rationale behind the decision, including that the parents' resources were outside the purview of the child support guidelines. For that reason, we hold that the family court's decision regarding the amount of the child support was not unreasonable because it was based on the child's expenses and the parents' resources.

Peter cites often to *Downing v. Downing,* 45 S.W.3d 449 (Ky.App.2001), as supporting his position that the child support amount was in error. Essentially, *Downing* imposes limitations on the trial court when setting child support in cases where the parties' gross income exceeds the child support guidelines and the parties have not agreed to child support. Peter cites the statement from *Downing* that "[b]eyond a certain point, additional child support serves no purpose but to provide extravagance and unwarranted transfer of wealth[,]" and argues that this is the case here. *Id.* at 456.

But the *Downing* Court explained that "any decision to set child support above the guidelines must be based primarily on the child's needs." *Id.* It supported the

view that children should continue to live at the standard of living to which they had grown accustomed prior to the parents' divorce. *Id.* And the *Downing* Court further reasoned that the needs of the children should be based on the parents' financial ability to meet those needs. *Id.*

In essence, our Court in *Downing,* disabused any mathematical calculation extrapolated from the guidelines and provided the following directions:

> [T]he court should take into account any factors which affect the reasonable needs of the child under the circumstances.... So long as there is evidence in the record and a reasonable basis for setting child support above the guidelines, this Court will not interfere with the trial court's discretion. But we hold that a trial court abuses its discretion when it relies primarily on a mathematical calculation to set child support without any other supporting findings or evidence.

*Id.* at 457.

In its order, the family court found that Cindy submitted expenses in the amount of $9,312.27. The family court, however, determined that the reasonable needs of the child were $6,617 per month and disallowed certain expenses as unreasonable. The disallowed expenses were those related to the child's owning a horse, the purchase of new furniture and redecorating the child's bedroom, employment of a nutritionist and personal trainer for the child, and $100 of the money allotted for the purchase of a car.

Here, the family court considered the reasonable day-to-day needs of the parties' child, the parties' ability to pay, and decided on an appropriate child support amount. Accordingly, we believe that the family court's decision was in keeping with the philosophy found in *Downing* and con-

clude that its actions comport with the holding in *Downing.*

Since November 2006, the parties in this case have been before the family court often. As a result, the same family court judge is very familiar with both the issues and the parties. In this particular dispute, modification of the child support, the family court judge considered several memoranda, held two hearings and made two separate findings of fact and orders. Given the comprehensive nature of the written findings and the family court's knowledge of the parties in the matter, nothing leads us to believe that the findings and orders are arbitrary, unreasonable, unfair, or unsupported by sound legal principles.

## CONCLUSION

The family court carefully reviewed the parties' income, lifestyle, and the child's expenses. And it provided written findings to support its order. Legally, the family court has met the statutory and case law requirements for a deviation from the child support guidelines when the parties' income is over the threshold of the child support guidelines. There is no abuse of discretion, and we affirm the decision of the McCracken Family Court.

COMBS, Judge, concurs.

MAZE, Judge, concurs with separate opinion.

MAZE, Judge, concurring:

I agree with the result reached by the majority, but on slightly different grounds. As the majority correctly notes, Peter agreed to pay $6000 per month for the support of his three daughters. At the time he executed this agreement, he was aware that this amount was in excess of the amount required under Kentucky's Child Support Guidelines. It is well-established that parties may agree to support in

excess of the Guidelines. *Pursley v. Pursley*, 144 S.W.3d 820, 825 (Ky.2004). Such agreements are an enforceable contract between the parties, and it is not the place of the courts to disturb it absent some showing of fraud, undue influence, overreaching or manifest unfairness. *Id.* at 826. Peter does not make any such showing.

The difficulty in this case arises because the agreement provides for support in the amount of $6000 for all three children, but does not include provisions for modification of upon emancipation of one or more, but not all of the children. However, KRS 403.213(3) provides that provisions for support shall be terminated by emancipation of the child "[u]nless otherwise agreed in writing or expressly provided in the decree. . . ." In this case, the trial court properly considered the emancipation of the two older daughters as a basis for modification of the agreement's provisions regarding child support.

Nevertheless, the trial court heard evidence and made extensive findings regarding the reasonable needs of the remaining daughter. As the majority correctly holds, the trial court has the authority to deviate from the child support guidelines when it provides written findings of facts to support the amount ordered. *Downing v. Downing*, 45 S.W.3d 449, 454 (Ky.App. 2001). Although I might quibble with some of these expenses, I agree with the majority that the trial court's findings are supported by substantial evidence and were not an abuse of its discretion. With the exception of the allowance for purchasing a car, the trial court noted that the claimed expenses were consistent with the standard of living established for the child during and after the marriage.

Furthermore, the record shows that Cindy actually purchased cars for the two older daughters when each turned 16.

The trial court allowed a reasonable amount for Cindy to purchase a car for the youngest daughter. And as the majority correctly notes, Peter may be able to seek a reimbursement of this portion of the support if Cindy does not actually make the purchase. Although the total amount of support for one child seems high to me, I agree with the majority that it was supported by sufficient findings of fact and did not constitute an abuse of discretion.