Joseph Wayne McFELIA, Appellant

v.

Dorinda McFELIA, Appellee.

No. 2011–SC–000610–DG.

Supreme Court of Kentucky.

Aug. 29, 2013.

Jason P. Floyd, Fulton, Hubbard & Hubbard, Bardstown, KY, for Appellant.

Caleb Tyler Bland, Birdwhistell Law, P.S.C., Elizabethtown, KY, for Appellee.

Opinion of the Court by Justice NOBLE.

This case presents the question of whether a trial court must take into account the parents' visitation or time-sharing arrangement in deciding the amount of child support to be paid. While such a consideration is permitted, it is not mandatory. Therefore, the trial court's failure to factor time-sharing into its decision in this case was not error. For that reason, this Court affirms.

## I. Background

Dorinda McFelia, Appellee, and Joseph McFelia, Appellant were married in 1994. During the marriage, they had two children. Deciding to divorce, the parties entered into a temporary agreement, which was entered by the trial court on June 15, 2009. This agreement set forth terms dealing with property disposition and the custody and support of the two daughters. They agreed to joint custody, and set time-sharing (called visitation) for Joseph at every Tuesday until 7:00 p.m., Wednesday overnight, and every other weekend. They agreed that child support would be set "according to parties' incomes," to be paid to the county attorney for distribution, and to begin on June 1, 2009. Attached to the agreement signed by the trial court and filed in the record was a form Uniform Child Support Order, AOC–152, and a child support worksheet that showed the income of both parents.

The standard child support worksheet reflected the calculations to be made in accordance with Kentucky law, and allowed for certain factors to be included in the calculation of support, such as child care costs and insurance, in addition to each party's income. The calculation arrived at the proportionate share each party should pay toward support of the two children, based on income and who paid

for certain expenses. The parties' agreement designated Dorinda as the "custodial parent," and thus the worksheet showed only the proportional share of support that Joseph would pay to her. That amount was $696.00. Nothing on the work sheet took into account the amount of time the children spent in each home.

On July 10, 2009, Joseph filed a motion to modify child support based on the amount of time the children spent in his physical custody. He argued that the children were in his care almost 50% of the time, but that the child support order contemplated a support award as if the children were with their mother 100% of the time. This motion was passed to the August 10 status docket, but the record does not reflect that it was heard on that date because the case went to mediation on numerous matters, which was unsuccessful.

The child support arrangement set in the temporary order remained in place on the date of the final hearing on May 21, 2010. The trial court recognized that the arrangement had been working well, and concluded that under *Pennington v. Marcum*, 266 S.W.3d 759 (Ky.2008), the current situation remained in the children's best interest, and declined to set time-sharing at alternate weeks with each parent because such an arrangement would unduly disrupt the children's established schedule. The trial court also ordered that child support would remain at the amount the parties agreed to in the temporary order: Joseph would continue paying $696.00 per month in child support to Dorinda.

In its conclusions of law, the trial court held that Joseph would pay this amount until the children turned age 18, or were otherwise emancipated, except that support would continue to age 19 if a child were still in high school. In short, the court's order was in a very common form frequently used in circumstances such as these.

On June 28, 2010, Joseph untimely filed a motion to alter, amend or vacate the judgment because the trial court did not take into consideration the amount of time the children spent in his physical custody when it set the child support. This motion was later withdrawn when opposing counsel objected to its timeliness.

Joseph also appealed this decision, claiming that the trial court did not properly calculate child support because the court did not consider and give proper weight to the amount of time the children were in his physical custody. Indeed, the court did note the time-sharing arrangement of the parties, but only to note that the arrangement is not what the court would have ordered *ab initio*, but that since it was the parties' agreement and was working well, the court would not disturb the time-sharing. It is true that there is nothing in the trial court's order addressing the amount of time the children spend in each home, and there is no discussion whether this should affect the amount of support paid.

The Court of Appeals affirmed. This Court granted discretionary review to address whether time-sharing or visitation must be considered in deciding the amount of child support.

## II. Analysis

Domestic relations cases allow broad discretion to the trial court which hears the cases without a jury. The legal standards a judge must apply in these cases demonstrate the need for such discretion: the best interest of the child, KRS 403.270, conscionability, KRS 403.180, application would be unjust or inappropriate because of an extraordinary nature, KRS

403.211, to name some of the standards. Clearly, the court must make its judgment based on how it perceives the effect of the evidence on the question to be resolved. And, as we have often said, due deference must be given to the judgment of the court that hears the evidence, knows the facts of the case, and can judge the credibility of the witnesses.

On the question of child support, however, there is generally less reason to exercise discretion because the legislature has provided statutory guidelines that are formulaic, and look directly at the amount of household incomes that should be available for the children of the marriage, regardless of which home they are residing in. KRS 403.212 provides guidelines that allow the combined income of the parents to be located on a table, and then indicates how much of that income should go to support the children.

Of course, there are significant problems with these statutory guidelines, because they were created in the 1980s. The guidelines reflect those times, not current ones, and bear little realistic relationship to the broad range of incomes available to parents today, or to the cost of raising a child in today's marketplace. Nonetheless, these guidelines remain statutory law and "serve as a rebuttable presumption" when setting or modifying support. KRS 403.211(2). Obviously, the burden of rebutting the presumption falls on the party opposed to the guidelines amount, in this case, Joseph.

KRS 403.211 provides that a trial court may deviate from the guidelines, in a written finding, based on several factors such as agreement of the parties, extraordinary needs of the child, a parent's extraordinary needs, the child's own financial resources, income beyond the guidelines, or other things of an extraordinary nature that would make applying the guidelines inappropriate. But the trial court must apply the presumptive guideline amount unless it makes a written finding to explain a deviation because of an extraordinary reason that would make the guidelines unjust or inappropriate. It is in making a deviation that the trial court must exercise sound discretion. Otherwise, it is merely applying black letter law.

But given that the guidelines lag behind current income levels and costs, it is not uncommon for a trial court to make deviations. This is not done in a vacuum, however; the party seeking the deviation must present sufficient proof to the court to establish that it would be unjust or inappropriate to apply the guideline amount. Based on the proof heard at trial, the court may then exercise sound discretion.

Here, Joseph did file a motion with the court some time after he agreed to the child support amount of $696.00 dollars a month claiming that the court should modify the amount because of the time the children spent in his physical care. This motion did not get heard, but was passed for a status review, and then subsumed in a mediation that failed. In his motion, he made no reference to any change in circumstances from the time he made the agreement with Dorinda on the child support amount, nor did he challenge that the calculation based on the tables reflected any error.

The visitation and custody of the children did not arise again until the final hearing in the record. The trial court heard approximately four hours of testimony. In its order and judgment, the trial court stated that based on all the testimony it had heard, the best interest of the children required continuing the existing time-sharing, and that the amount of support was appropriate at $696.00.

The court was well aware of the amount of time the children spent with Joseph, because it referenced that it would probably have ordered something different originally. But the court also recognized that the arrangement was working. Notably absent from the court's findings are any of the grounds for deviation set forth in KRS 403.211. This is because Joseph did not then, nor does he now, argue any of those grounds. His sole contention is that the court committed reversible error because it did not set his child support to reflect the amount of time the children actually spent with him.

In fact, the court was not required to address this fact unless it found the time spent with Joseph resulted in unjust or inappropriate child support. In that event, the statute requires a written finding about why the court is deviating from the guidelines amount. In stating that the amount of support was appropriate, the trial court recognized that it was the guidelines amount, and that the amount was not so inappropriate or unjust that it had to depart from the guidelines in an exercise of sound discretion. This Court cannot say that the trial court abused its discretion for failing to sua sponte raise this issue or was otherwise in error.

What Joseph seeks from this Court is a declaration that child support *must* be tied to the amount of time a child spends in each home. There is a certain appearance of logic to that. But there are multiple factors, some of which are enumerated in KRS 403.211, that can argue in favor of the guidelines amount as well as for a possible deviation. One such example is the relative financial position of each parent. It would be arguably inappropriate to require a low wage parent to pay half of the child support to a high wage parent even if there is a 50–50 time-sharing arrangement. The net result of that could be to impoverish one home while creating superfluity in the other.

This is not to say that the amount of time a child spends in a moving party's home could never be sufficient for a trial court to depart from the guidelines. If timeshare arrangements change, or if the financial status of a parent changes, or other unforeseen circumstances occur that create a hardship, then the burden of supporting a child in that parent's home in addition to paying guidelines support could well lead to an unjust or inappropriate result warranting deviation from the guidelines. In such a case, a court could find, for example, that time spent with each parent is a "factor of an extraordinary nature," KRS 403.211(3)(g), and then deviate from the guidelines. But the court in such a case would not be required to do so, absent an abuse of discretion, and should not do so if the party opposing the guidelines has simply failed to show the existence of a factor of an extraordinary nature.

The bottom line is that the legislature has provided child support guidelines that are presumptively appropriate, and if there is to be a deviation, the moving party must convince the trial court that the guidelines amount is unjust or inappropriate, either initially or on modification. The trial court must weigh the evidence in support of this claim, and exercise sound discretion in granting or denying a requested deviation. If there is a deviation, the trial court must make written findings as to why the guidelines amount is unjust or inappropriate. Unless there is a preponderance of the evidence to support the trial court's deviation, the guidelines amount controls as a matter of law.

### III. Conclusion

The trial court in this case found that the guidelines amount, as agreed to by the

parties, was appropriate. No other findings were required. Joseph did not present evidence sufficient to compel the trial court to deviate from the guidelines, and thus there was no abuse of discretion.

Consequently, the judgment of the Court of Appeals and the trial court are affirmed.

All sitting. All concur.