RENDERED:  SEPTEMBER 24, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1057-MR

JEFFREY GEORGE                                                              APPELLANT

v.

APPEAL FROM CARTER CIRCUIT COURT
HONORABLE DAVID D. FLATT, JUDGE
ACTION NO. 19-CI-00258

STEPHANIE GEORGE                                                              APPELLEE

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE:  ACREE, GOODWINE, AND JONES, JUDGES.

JONES, JUDGE:  The Appellant, Jeffrey George appeals the Carter Circuit Court's

final judgment dissolving his marriage to the Appellee, Stephanie George,

awarding the parties joint custody of their two minor children, setting a

timesharing schedule, designating Stephanie the primary residential custodian of

the children, and ordering Jeffrey to pay child support to Stephanie in the amount

of $850.00 per month.  On appeal, Jeffrey asserts the circuit court erred when it

awarded Stephanie substantially more parenting time with the children without first having made a finding that equal parenting time was not in children's best interests as required by KRS[1] 403.270(2). Jeffrey also asserts that it is unclear how the circuit court arrived at the amount of child support he was to pay Stephanie, and that the support order should be reassessed if he is awarded equal timesharing. Having reviewed the record and being otherwise sufficiently advised, we must agree with Jeffrey. KRS 403.270(2) creates a rebuttable presumption in favor of equal timesharing. We are unable to ascertain from the face of the circuit court's order whether the circuit court applied the presumption, and there are no best interest findings to support that Stephanie rebutted the presumption. Accordingly, we must vacate and remand the order as related to timesharing; and, because the amount of child support may be influenced by a change in timesharing, we likewise vacate and remand that portion of the order.

## I. BACKGROUND

Stephanie and Jeffrey were married on June 5, 2016. Stephanie gave birth to the parties' first child in July of 2017. Approximately two years later, the parties separated, and Stephanie filed a petition seeking to dissolve the parties' marriage. The circuit court entered a temporary custody, child support, and timesharing order. Pursuant to this order, the parties were given joint legal custody

---

[1] Kentucky Revised Statutes.

of their minor child. Stephanie had timesharing from noon on Saturday through Thursday at 8:00 a.m. and Jeffrey had timesharing from Thursday at 8:00 a.m. to noon on Saturday. Jeffrey was ordered to pay $750.00 per month in child support to Stephanie.

Stephanie was pregnant with the parties' second child at time she filed the petition for dissolution of marriage. Stephanie gave birth to the parties' second child in February of 2020 while the parties' marriage was still intact. The temporary custody, child support, and timesharing order was not extended to cover the parties' second child.[2] Instead, approximately two months later, the circuit court scheduled a final hearing to resolve custody, child support, timesharing, and property settlement.

The final hearing was conducted on May 29, 2020. Both parties testified at the hearing. According to the testimony and evidentiary record, both parties are employed. Jeffrey, who resides in Louisa, Kentucky, is employed as a Federal Correction Officer in Inez, Kentucky. He earns a gross salary of approximately $72,775.37 per year. Jeffrey is required to work forty-eight hours per week with mandatory overtime. Stephanie, who resides in Ashland, Kentucky,

---

[2] Approximately one month after the second child's birth, Jeffrey moved to amend the temporary custody order to include the parties' new infant. The circuit court did not take up Jeffrey's motion, which coincided with the onset of the COVID-19 pandemic.

is employed by Ramey Estep Home as a Foster Home Coordinator. She earns approximately $33,235.20 per year.

At the time of the hearing, Jeffrey had not seen the parties' second child because the prior timesharing and custody order was never modified to include the second child even though Jeffrey had filed a motion requesting the second child to be included as part of the order.[3] Jeffrey is actively involved in the older child's life. The parties live approximately half an hour away from each other. They frequently met at a gas station midway between their residences to exchange the older child for timesharing.

On June 23, 2020, the circuit court entered its findings of fact, conclusions of law, and decree of dissolution. Therein, the circuit court awarded the parties joint legal custody of the children. It determined without elaboration that it was in the best interest of the children to keep the same timesharing schedule set out in the temporary order. In the body of its judgment, the circuit court concluded that Jeffrey's child support per the guidelines was $984.78. However, it concluded that it was "appropriate under KRS 403.211(3)(g) to deviate from this guideline amount for reason of extraordinary nature in that there should be some credit allotted for some childcare expenses that were never incurred [as a result of

---

[3] Jeffrey also explained that he avoided trying to visit with the newborn due to the COVID-19 pandemic and had concerns about infecting a newborn baby.

the COVID-19 pandemic]." It concluded that the amount should be reduced to $950.00 per month. Due to a typographical error, the order portion of the final judgment directed Jeffrey to pay child support in the amount of $450.00 per month.

Both parties filed post-judgment motions with the circuit court. Stephanie asserted that she should be named the primary residential custodian, and that child support should be ordered at the $950.00 referenced in the body of the circuit court's June 23, 2020 findings of fact, conclusions of law, and decree of dissolution. For his part, Jeffrey sought to amend the timesharing and child support portions of the final judgment. Jeffrey pointed out that pursuant to KRS 403.270(2), there was a presumption in favor of equal timesharing and that the "findings provided by [the circuit court] does [sic] not meet the requirements of the statute." Jeffrey further submitted that should the circuit court determine that equal timesharing was appropriate, child support should be calculated using the "Colorado Method" as explained by this Court in *Serrano v. Serrano*, No. 2018-CA-001888-ME, 2020 WL 1231600 (Ky. App. Mar. 13, 2020).

Ultimately, the circuit court granted Stephanie's motions to the extent it named her "primary possessor" of the children. It also granted her motion as to

child support. It ultimately ordered Jeffrey to pay $850.00 per month in child support.[4]

This appeal followed.

## II. ANALYSIS

### A. Time Sharing

We review the circuit court's decisions as to primary residential custody and timesharing under the standards of KRS 403.270. *Frances v. Frances*, 266 S.W.3d 754, 756 (Ky. 2008); *Chappell v. Chappell*, 312 S.W.3d 364, 366 (Ky. App. 2010). The circuit court has broad discretion to decide custody and timesharing. *Jones v. Livesay*, 551 S.W.3d 47, 51 (Ky. App. 2018). In reviewing a decision as to where a child will primarily live and how much time he will spend with his respective parents, we are required to defer to the circuit court's findings of facts so long as they are supported by substantial evidence. *Frances*, 266 S.W.3d at 758. The circuit court is in the best position to resolve the conflicting evidence and make the determination that is in the child's best interest. *Id*. at 758-59. So long as the circuit court properly follows the mandates of KRS 403.270, we will defer to its decision if it is neither clearly erroneous nor an abuse of discretion. *Id*. at 759.

---

[4] The circuit court did not explain why it reduced the $950.00 per month contained in the body of its prior judgment to $850.00.

-6-

On appeal, Jeffrey argues that circuit court did not follow the mandates of KRS 403.270(2) where it awarded Stephanie substantially more time with the children without making any findings to support that equal parenting time was not in the children's best interests.[5] KRS 403.270(2) provides that a "court shall determine custody in accordance with the best interests of the child and equal consideration shall be given to each parent and to any de facto custodian." The statute creates a presumption, rebuttable by a preponderance of the evidence, "that joint custody and equally shared parenting time is in the best interest of the child." KRS 403.270(2). The statute provides a lengthy list of factors for the court to consider in determining the best interests of the child. If the court determines that a deviation from equal parenting time is appropriate, it must set forth a parenting time schedule maximizing the time each parent has with the child and "consistent with ensuring the child's welfare." KRS 403.270(2).

---

[5] We note that Jeffrey's brief does not conform to Kentucky Rule of Civil Procedure (CR) 76.12(4)(c)(v), which requires the beginning of each argument to contain a statement with reference to the record showing where the issue was properly preserved for review and in what manner. While we would be within our rights to sanction Jeffrey for his failure, his statement of the case provided citations to the record through which we were able to ascertain that Jeffrey requested equal timesharing and brought the lack of best interest findings and the child support calculation issue to the circuit court's attention prior to a final, appealable order having become final. The imposition of sanctions, which could affect the outcome of the case, are not always appropriate in appeals involving child custody, timesharing, and support. *See Galloway v. Pruitt*, 469 S.W.2d 556, 557 (Ky. 1971). Given the discrete issues involved, the relatively short record, and the magnitude of the issues, we elect not to impose any sanctions on Jeffrey. However, we caution counsel that failure to follow our briefing requirements in future appeals could result in sanctions.

Under the timesharing schedule ordered by the circuit court, Stephanie has the children sixty-nine percent of the time and is primary residential custodian with Jeffrey having the children the remaining thirty-one percent of the time. While the circuit court found that it was in the best interests of the children to keep the prior, temporary timesharing schedule in place, it did not acknowledge the presumption in favor of equal timesharing or make any specific findings explaining why equal time sharing was not in the children's best interests in this case.

Stephanie counters that Jeffrey waived his arguments regarding timesharing where he failed to request additional findings pursuant to CR 52.04.[6] We note, however, that Jeffrey's CR 59.05 motion to alter, amend, or vacate raised the issue of lack of findings before the circuit court. As such, we conclude that he substantially complied with CR 52.04. *See* CR 52.02 ("The motion [for additional findings] may be made with a motion . . . pursuant to Rule 59."). Even if Jeffrey had not done so, however, we do not believe he would be barred from bringing up the issue on appeal. The circuit court's failure to make any kind of a finding regarding the necessity of deviating from the presumption in favor of equal timesharing absolved Jeffrey of the requirement to request additional findings by filing a CR 52.02 motion. *See Anderson v. Johnson*, 350 S.W.3d 453, 458 (Ky.

---

[6] Stephanie cites to CR 52.01 in support of her argument; however, CR 52.04 is the rule governing requests for additional findings.

-8-

2011) ("[A]s a matter of policy, when a court fails to make *any* kind of factual findings as required, the litigant should not be prohibited from asking an appellate court to require the lower court to make such findings."); *Keifer v. Keifer*, 354 S.W.3d 123, 126 (Ky. 2011) ("A bare-bone, conclusory order such as the one entered here, setting forth nothing but the final outcome, is inadequate and will enjoy no presumption of validity on appeal.").

Next, Stephanie asserts that the circuit court's order contains findings of fact that implicitly support finding that retention of the temporary order is in the best interests of the children such as Jeffrey's work hours. While the record may contain evidence that would support the circuit court's ultimate conclusion, we do not have the authority to make supportive findings where there is no indication that the lower court actually considered or relied on the evidence. *See Moore v. Moore*, 626 S.W.3d 535, 539 n.5 (Ky. 2021) ("To conclude an implied ruling by a trial court was sufficient would clearly run afoul of the mandates of CR 52.01 as noted in *Anderson*."); *Transportation Cabinet v. Caudill*, 278 S.W.3d 643, 648 (Ky. App. 2009). Since we cannot discern the basis of the circuit court's decision, we cannot conduct a meaningful appellate review of its decision to deviate from the presumption in favor of equal parenting time. *McKinney v. McKinney*, 257 S.W.3d 130, 134 (Ky. App. 2008).

Therefore, we must vacate the portion of the circuit court's order with respect to timesharing. On remand the circuit court must apply the presumption in favor of equal parenting time as set forth in KRS 403.270(2). After considering all the evidence in relation to the best interest factors, the circuit court should only deviate from the presumption if it concludes that equal parenting time is not in the children's best interests. It must then render written findings of fact to support its ultimate conclusions. While the findings need not be overly detailed, they must be sufficient for any later reviewing court to determine that the circuit court engaged in the proper analysis and to identify the evidence it relied upon in reaching its ultimate conclusions.

### B. Child Support

The standard of review for determinations of child support is an abuse of discretion. *Downing v. Downing*, 45 S.W.3d 449, 454 (Ky. App. 2001). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted). An appellate court will not disturb the holdings or substitute its own judgment when the evidence supports the trial court's decision and it did not abuse its discretion when deciding the case. *Combs v. Combs*, 787 S.W.2d 260, 262 (Ky. 1990).

"Decisions regarding child support obligations must be fair, reasonable, and supported by sound legal principles." *Seeger v. Lanham*, 542 S.W.3d 286, 298 (Ky. 2018) (internal quotation marks and citation omitted). With regard to child support, "[a]s long as the family court's discretion comports with the guidelines, or any deviation is adequately justified in writing, this Court will not disturb the [family] court's ruling[.]" *Ciampa v. Ciampa*, 415 S.W.3d 97, 99 (Ky. App. 2013).

Jeffrey's primary contention appears to be that the circuit court did not adequately explain how it arrived at the $850.00 per month, a deviation from the guidelines. He further maintains that if he is awarded joint timesharing, the circuit court should use the Colorado Method, as explained in *Serrano*, 2020 WL 1231600 at *14-15, to calculate the amount of his child support.[7] In *Serrano*, we explained that the Colorado Method was a *permissible* way to calculate child support where shared parenting exceeds forty percent. *Id*. at *14. "Applying the Colorado Method means adding two steps to the existing formula and, therefore, deviating from it." *Id*. "The first additional step calls for multiplying the support obligation determined under KRS 403.212(7) by 1.5 or 150%. This assures that the total support award is adequate to the needs of the children." *Id*. "The second

---

[7] We note that *Serrano* is an unpublished opinion and may only generally be cited as persuasive authority. CR 76.28(4)(c).

additional step requires factoring in the percentage of shared parenting, *i.e.*, the percentage of the time the children spend with each parent." *Id.* (quotation marks and citations omitted).

In *Serrano*, we remanded for the trial court to take into consideration the Colorado Method because it was unclear whether the lower court was aware that it was a permissible method for a Kentucky court to employ. *Id.* ("Although the Supreme Court only expressly approved the Colorado Method for Campbell Family Court, there is a necessary implication that it is impliedly available to family courts throughout Kentucky. Otherwise, the goal of uniformity would be thwarted and compliance with the federal mandate at risk."). However, we did not mandate its use. Other considerations may be relevant and appropriate for the circuit court to consider. *See McFelia v. McFelia*, 406 S.W.3d 838, 841 (Ky. 2013) ("One such example is the relative financial position of each parent. It would be arguably inappropriate to require a low wage parent to pay half of the child support to a high wage parent even if there is a 50–50 time-sharing arrangement. The net result of that could be to impoverish one home while creating superfluity in the other."). In other words, just because a family court *may* utilize the Colorado Method, does not mean it *must* do so in all situations where the parties are awarded equal parenting time.

-12-

Because we are vacating the parenting time award for application of the presumption in favor of equal parenting time, we conclude that we should likewise vacate the order with respect to the amount of child support. The time each parent has the children *may* influence the circuit court's decision with respect to child support. Should the circuit court change the amount of parenting time, it may find it necessary to modify the child support award. However, we explicitly decline to mandate the use of any particular formula or method to justify a deviation from the guidelines. Our sole requirement is that if the circuit court determines that it is necessary to deviate from the guidelines it must explain its reasons in a final written order. KRS 403.211.

### III. CONCLUSION

For the foregoing reasons we vacate the Carter Circuit Court's order with respect to timesharing and child support and remand for additional findings of fact and conclusions of law.

ALL CONCUR.

BRIEF FOR APPELLANT:

Natasha L. Kinnan
Ashland, Kentucky

BRIEF FOR APPELLEE:

Brandon M. Music
Grayson, Kentucky