RENDERED:  APRIL 18, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0919-MR

BRIAN CHARLES BAIER                              APPELLANT

v.            APPEAL FROM GREENUP CIRCUIT COURT
FAMILY COURT DIVISION
HONORABLE JEFFREY L. PRESTON, JUDGE
ACTION NO. 23-CI-00294

LORI ALLISON BAIER                              APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; EASTON AND L. JONES, JUDGES.

EASTON, JUDGE:  The parties ("Brian" and "Lori") to this appeal agree that the Greenup Family Court's Order of June 4, 2024, setting a child support amount must be reversed.  Brian further appeals that part of the same Order awarding Lori $750 for attorney's fees.  For the reasons stated below, we reverse and remand.

## FACTUAL AND PROCEDURAL HISTORY

Brian and Lori were married in 1994. At the time of their divorce, they had two minor children. After an initial problem with a first settlement agreement, a new Settlement Agreement ("Agreement") was signed by both parties on April 1, 2024. This Agreement settled all issues of custody and property division, leaving only the calculation of child support. Paragraph 6 of the parties' Agreement stated: "CHILD SUPPORT: The parties agree that they will provide their W-2's to the Court to calculate child support based on the shared formula."[1] The parties were to have joint custody of the children with equal timesharing. A Decree of Dissolution of Marriage was entered, which incorporated the Agreement.

On April 30, 2024, Lori filed a Motion to Establish Immediate Child Support. The parties were unable to agree on the amount of Brian's income to use to establish support. He had three W-2s for 2023, as he worked as a registered nurse part-time for multiple employers. But at the time the Agreement was signed during the incomplete tax year of 2024, he was working full-time for one company. Attached to Lori's motion was a proposed child support worksheet based on her view of Brian's income. The monthly amount she requested from Brian was $304.22.

---

[1] Page 65 of Record.

The family court held a brief hearing on June 3, 2024. At this hearing, the W-2s for both parties for 2023 were entered into evidence. Brian also testified as to his work history and his current wages. The family court indicated that Brian actually earns more now at his one full-time job than he did working for multiple employers in 2023. Brian requested the family court use the W-2 amounts from 2023, as that is the amount the parties agreed to use.

The family court issued an Order on June 4, 2024. In this Order, the family court ordered Brian to pay $1,086.50 per month in child support. Additionally, the family court ordered Brian to pay $750.00 for Lori's attorney's fees. Brian filed a Motion to Alter, Amend, or Vacate, because the ordered child support amount was approximately $700.00 more per month than what Lori requested, and the amount did not follow the child support guidelines.

Brian also questioned the family court's order awarding attorney's fees to Lori, as no explanation for the award was provided. Notably, Lori filed a Response to Brian's motion, stating "Petitioner does not object to the child support obligation being amended in accordance with the proposed child support worksheet." Lori did, however, argue the award of attorney's fees was fair and reasonable. The family court summarily overruled Brian's motion. This appeal follows.

**STANDARD OF REVIEW**

Appellate review of a child support award is governed by the abuse of discretion standard. *Holland v. Holland*, 290 S.W.3d 671, 674 (Ky. App. 2009). Likewise, we review the award of attorney's fees in family court actions for abuse of discretion. *Rumpel v. Rumpel*, 438 S.W.3d 354, 363 (Ky. 2014). "The test for an abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound reasonable principles." *Penner v. Penner*, 411 S.W.3d 775, 779-80 (Ky. App. 2013). Appellate review of a trial court's factual findings is governed by the clearly erroneous standard; factual determinations supported by substantial evidence will not be disturbed. *Truman v. Lillard*, 404 S.W.3d 863, 868 (Ky. App. 2012). In evaluating abuse of discretion, this Court reviews legal conclusions applied by the trial court de novo. *Ehret v. Ehret*, 601 S.W.3d 508, 511 (Ky. App. 2020).

**ANALYSIS**

Brian argues the family court's award of child support was erroneous. Lori concedes that the family court erred in the amount awarded. KRS[2] Chapter 403 governs child support. KRS 403.211(2) is the statute concerning establishing support using the child support guidelines, and it states:

> At the time of initial establishment of a child support order, whether temporary or permanent, or in any

---

[2] Kentucky Revised Statutes.

-4-

proceeding to modify a support order, the child support guidelines in KRS 403.212 or 403.2122 shall serve as a rebuttable presumption for the establishment or modification of the amount of child support. Courts may deviate from the guidelines where their application would be unjust or inappropriate. Any deviation shall be accompanied by a written finding or specific finding on the record by the court, specifying the reason for the deviation.

The family court abused its discretion in its award of child support in this case, as there was no evidence to support the amount of child support ordered. Both parties correctly agreed the guidelines should be used. It appears the family court simply looked at the incorrect box when reviewing the proposed child support worksheet. The amount selected does not adjust for the equal parenting time.

The family court compounded the error by summarily denying the agreed upon attempt to correct what appeared to be an essentially clerical or mathematical error. If the family court *did* intend to order an amount different than that proposed by the parties, which was the amount based upon the guidelines, it was required to make specific findings of fact to justify that deviation. *Ciampa v. Ciampa*, 415 S.W.3d 97, 99 (Ky. App. 2013).

Brian additionally challenges the family court's award of attorney's fees. He argues the family court abused its discretion because it provided no explanation for the award. He argues Lori's motion did not request fees, nor did

she move to hold him in contempt or ask for sanctions.  Brian further claims there was not a gross disparity of income between the parties that would justify an award of attorney's fees.  Lori counters the award was appropriate both because there is a difference in income, and also because she had to bring a motion in order to set child support.  While Lori's written motion did not contain a request for attorney's fees, she did request them during the hearing.

KRS 403.220 governs the award of attorney's fees in dissolution actions.  It states:

> The court from time to time after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment.  The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.

Brian argues there is no significant financial disparity between the parties.  But it is not required that a financial disparity exists between the parties in order for a court to award attorney's fees; a family court must only consider the financial resources of both parties.  *Smith v. McGill*, 556 S.W.3d 552, 556 (Ky. 2018).  Financial disparity is still a factor for the family court to consider, but it is not the sole factor.  *Id.*

In addition to the parties' financial resources, there are other factors a family court should consider in determining if an award of attorney's fees and the amount are appropriate. These factors include:

> (a) Amount and character of services rendered.
>
> (b) Labor, time, and trouble involved.
>
> (c) Nature and importance of the litigation or business in which the services were rendered.
>
> (d) Responsibility imposed.
>
> (e) The amount of money or the value of property affected by the controversy, or involved in the employment.
>
> (f) Skill and experience called for in the performance of the services.
>
> (g) The professional character and standing of the attorneys.
>
> (h) The results secured.
>
> Additionally, obstructive tactics and conduct, which multiplied the record and the proceedings are proper considerations justify[ing] both the fact and the amount of the award.

*Sexton v. Sexton*, 125 S.W.3d 258, 272-73 (Ky. 2004) (internal quotation marks and citations omitted).

"[T]he fee shifting authorized under KRS 403.220 is not intended primarily to be punitive or sanctioning. It is intended, as noted above, to ensure

that dissolution and child-custody proceedings are fair and not skewed in favor of the party in the financially superior position." *Rumpel*, *supra*, at 364. "The amount of an award of attorney's fees is committed to the sound discretion of the trial court with good reason. That court is in the best position to observe conduct and tactics which waste the court's and attorneys' time and must be given wide latitude to sanction or discourage such conduct." *Gentry v. Gentry*, 798 S.W.2d 928, 938 (Ky. 1990).

While it is within the family court's discretion to award attorney's fees to a party, the Order in this case sheds no light as to the reasoning for the award. The hearing centered around the parties' income, so the family court may have considered the parties' financial resources in making its award for attorney's fees. But we should not make that assumption. A circuit court generally "speaks only through written orders entered upon the official record." *Kindred Nursing Centers Ltd. P'ship v. Sloan*, 329 S.W.3d 347, 349 (Ky. App. 2010). *See also Sexton*, *supra*, at 273. Not only did the family court not make any written findings about attorney's fees in its Order, but there were also no oral statements made during the hearing that indicated an award of attorney's fees in any amount was even being considered by the family court.

In this instance, it is unknown what factors the family court took into consideration when awarding attorney's fees to Lori. The portion of the order

involving attorney's fees states in its entirety: "IT IS FURTHER ORDERED that the Respondent shall pay the Petitioner's attorney fee of $750.00 and that same shall be paid within 60 days of the date of this Order."[3] There were no affidavits presented to show what fees Lori incurred for the child support hearing. There was no evidence that Brian was obstructive or caused any delay. This does not appear to be a contentious divorce. Other than this one hearing involving child support, the parties reached an agreement on all other issues.

We do not suggest that any extensive or separate hearing is required to assess attorney's fees. Family courts have enough required hearings in performing their duties. But there must be some information to justify the award of attorney's fees. It could be no more than asking the attorney, as an officer of the court, to state the amount requested and the basis for that amount, such as time spent and standard hourly rate for such work. With this and other financial information typically available in a divorce case, the family court could decide whether to award attorney's fees and, if so, in what proper amount.

## CONCLUSION

Accordingly, we reverse and remand the Greenup Family Court's Order. The family court shall either enter an order in conformity with the child support guidelines in KRS 403.212, which is what the parties sought, or make

---

[3] Record at Page 105.

sufficient findings of fact to justify any deviation from those guidelines. Furthermore, the family court shall reevaluate its award of attorney's fees and make appropriate findings of fact to support any award it chooses to make on remand.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Robert T. Renfroe
Greenup, Kentucky

BRIEF FOR APPELLEE:

Tracy D. Frye
Marie E. Troxler
Whitney N. Davis
Russell, Kentucky