RENDERED:  OCTOBER 2, 2020; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1002-DG

SANITATION DISTRICT NO. 1                                      APPELLANT

ON DISCRETIONARY REVIEW FROM CAMPBELL CIRCUIT COURT
v.                     HONORABLE DANIEL J. ZALLA, JUDGE
ACTION NO. 18-XX-00008

DANIEL LOUIS WEINEL                                           APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  ACREE, COMBS, AND MAZE, JUDGES.

MAZE, JUDGE:  Sanitation District No. 1 (SD1) brings this matter on

discretionary review from an order of the Campbell Circuit Court.  The circuit

court affirmed an order of the Campbell District Court finding that SD1 was not

authorized to impose a stormwater drainage fee on property within its service area

owned by Daniel Louis Weinel.  We conclude that Weinel's property must be

construed as a user of SD1's stormwater drainage plan because his property drains

to a watershed within SD1's service area. Therefore, the district court clearly erred in finding that SD1 was not authorized to impose the fee. Hence, we reverse the opinion and order of the Campbell Circuit Court, and remand with directions to the Campbell District Court to enter a judgment for SD1 in the amount of the arrearage for unpaid fees.

The underlying facts of this matter are not in dispute. Weinel is the owner of residential property located at 9122 Heritage Court in Alexandria, Campbell County, Kentucky. SD1 is a sanitation district established pursuant to KRS[1] Chapter 220. SD1 encompasses the Kentucky counties of Boone, Campbell, and Kenton, and its service area includes Weinel's property. Pursuant to its statutory mandate, SD1 operates both sanitary sewer and stormwater drainage systems throughout the district.

SD1 assessed stormwater service fees of approximately $5.04 per month against Weinel's property. Weinel refused to pay the assessments, resulting in a past-due balance of $792.70. SD1 brought an action in the small claims division of Campbell District Court to collect the arrearage. Weinel responded that SD1 was not authorized to collect such fees because he receives no sanitation or stormwater services from SD1.

---

[1] Kentucky Revised Statutes.

After hearing testimony and taking evidence from both sides, the district court agreed with Weinel. The court found that under KRS 220.510 and 220.515, a sanitation district only has the power to make and collect charges from "users" of its sanitary works. The court further found that SD1 may only charge fees to non-users if it has begun work on plans and specifications for the improvement of services to the non-user's property. Since Weinel's property is not served by any sanitary sewers and SD1 has no plan in place to provide such services to his property, the district court concluded that SD1 was not authorized to impose service fees on his property.

SD1 then appealed this decision to the Campbell Circuit Court. On review, the circuit court affirmed the district court's conclusions. This Court accepted SD1's motion for discretionary review of the circuit court's opinion and order. Additional facts will be set out below as necessary.

The sole question presented in this case concerns SD1's authority to impose stormwater drainage fees on Weinel's property. As this matter was tried before the district court without a jury, our review of factual determinations is under the clearly erroneous rule. CR[2] 52.01. A finding of fact is not clearly erroneous if it is supported by substantial evidence, which is "evidence of substance and relevant consequence having the fitness to induce conviction in the

---

[2] Kentucky Rules of Civil Procedure.

minds of reasonable men." *Owens-Corning Fiberglas Corp. v. Golightly*, 976

S.W.2d 409, 414 (Ky. 1998) (citations omitted). It is within the province of the

trial court as the fact-finder to determine the credibility of the witnesses and the

weight given to the evidence. *Frances v. Frances*, 266 S.W.3d 754, 756 (Ky.

2008). However, matters of statutory interpretation are issues of law, which we

review *de novo*. *Jefferson Cty. Bd. of Educ. v. Fell*, 391 S.W.3d 713, 718 (Ky.

2012).

The question in this case comes down to whether Weinel is a "user"

of SD1's stormwater drainage system. A sanitation district, such as SD1, has the

authority to charge fees for sanitary sewage collection and for stormwater drainage

systems. *Wessels Co., LLC v. Sanitation Dist. No. 1*, 238 S.W.3d 673, 676-77 (Ky.

App. 2007) (citing KRS 220.030, 220.110, 220.280, 220.510, and 220.515).

Specifically, KRS 220.515 provides:

> The district may establish a surcharge or other rate, fee,
> or charge to be made applicable *to users in areas where
> facilities are to be acquired, constructed, or established*,
> and to amortize part or all of the costs thereof, in addition
> to the charge authorized by KRS 220.510. The
> surcharges, rates, fees, or charges shall be determined on
> the basis of one (1) or more of the factors stated in KRS
> 220.510, and may include, at the discretion of the district,
> a finance charge not to exceed ten percent (10%). In
> carrying out any rate, fee, or charge classification, the
> district shall follow the procedures set forth in KRS
> 220.593(2).

(Emphasis added.)

-4-

The "charge authorized by KRS 220.510" is predicated upon the following factors:

> The board of directors shall, by resolution, determine the rates and compensation or rentals to be charged for the use of the sanitary works. *The board of directors may provide for a sewer service charge to be imposed and collected, beginning at the time the plan for the improvement has been approved by the Energy and Environment Cabinet and work is begun on plans and specifications for the improvement. The rates shall at all times be reasonable, taking into account the cost of the works, the cost of operation and maintenance, and the amount necessary for the amortization of the bonds issued to finance the works. The same schedule of rates and charges shall apply to all users of the same class.* The rates shall be binding upon all users of the system. The board may alter and revise the rates in its discretion. In case of failure of any user to pay for services rendered, the board may compel payment and may enjoin further use until the payment is made, or it may institute an action in any court having jurisdiction for the recovery of charges for services rendered . . . .

KRS 220.510(1) (emphasis added).

Weinel argued, and the lower courts agreed, that he is not a "user" of SD1's sanitary sewer or stormwater drainage system. Weinel's property is served by a septic system and there was no evidence of a drain on his property leading directly to a stormwater drainage system maintained by SD1. The lower courts held that KRS 220.510(1) authorizes SD1 to impose reasonable fees or rates on users of its system. However, the courts concluded that KRS 220.515 only

authorizes SD1 to impose such fees or rates where it actually provides drainage systems or where a "plan for improvement" has been made and approved, and "work is begun on plans and specifications for the improvement." Since SD1 did not present any evidence of such plans or work begun on serving Weinel's property, the courts determined that SD1 was not authorized to impose any fee.

Weinel finds support for this interpretation in *Stierle v. Sanitation District Number 1 of Jefferson County*, 243 S.W.2d 678 (Ky. 1951). However, *Stierle* involved an unusual situation and is distinguishable on several factual and legal grounds. Most significantly, the property owner lived in the sanitation district's service area but had contracted with a city agency for sewer service. The sanitation district and the city agency contracted to allow the city agency to extend sewers into the sanitation district's service area. But subsequently, a dispute arose between the city agency, the sanitation district, and the property owner over who was authorized to bill for sewer service. *Id.* at 679-80.

The former Court of Appeals first concluded that the contract allowing the city agency to extend sewers into the sanitation district's territory was beyond the statutory authority of either entity to make. *Id.* at 680. On the other hand, the Court also held that KRS 220.510 did not give a sanitation district the power to collect charges from persons who were not using its sanitary works. *Id.* at 680-81. The Court recognized that these holdings left ownership of the sewer

system in dispute. But the Court concluded that the city agency could continue collecting sewer service charges until that issue was resolved. *Id.* at 682.

Unlike in *Stierle*, the current case does not involve a dispute regarding the statutory authority of different agencies. Rather, Weinel's property is clearly within the service area of SD1 even though no sanitary or stormwater sewers have been extended to his property. SD1 takes the position that all properties within its service area are benefited by its system, even if there is no drain on the subject property. SD1 notes that, in *Curtis v. Louisville & Jefferson County Metropolitan Sewer District*, 311 S.W.2d 378 (Ky. 1958), the former Court of Appeals stated that "any property that [geographically] is a part of the watershed or drainage basin may properly be considered to be benefited by the project through the general improvement of conditions of health, comfort and convenience in the area and the resulting general enhancement of values in the area." *Id.* at 382.

In *Curtis*, the Court was addressing the constitutionality of former KRS 76.260, which established a presumption that all land within the designated improvement area will receive some benefit and, therefore, is subject to assessment. SD1 concedes that this section has since been repealed. Nevertheless, it argues that the presumption remains applicable because its statutory mandate requires it to manage stormwater drainage throughout the district. We agree.

As discussed in *Wessels*, the General Assembly enacted KRS 220.030 to authorize sanitation districts, such as SD1, to assume responsibility for management of stormwater within its boundaries. *Wessels*, 238 S.W.3d at 674-75. In 1994, the General Assembly granted sanitation districts this authority to comply with federal regulations intended to address public health risks associated with stormwater runoff,

> which had been shown to contain high levels of sediments and other pollutants such as phosphorus and nitrogen from fertilizers, pesticides, petroleum products, and construction chemicals that "can be toxic to aquatic organisms and degrade water for drinking and water-contact recreation." 57 Fed.Reg. at 41344, 41345 (September 9, 1992). A large influx of storm water into sanitary sewage systems had also been shown to dilute the system's ability to properly treat sanitary waste.

*Id.* at 675.

SD1 is tasked with the management of stormwater drainage for all properties within its service area. This responsibility also includes drainage for all public roads owned by cities and counties within the service area. Unlike sanitary sewer systems, which only serve connected properties, SD1's stormwater drainage plan serves all watersheds within its service area.

Given SD1's statutory mandate to manage stormwater drainage, we conclude that KRS 220.510 must be construed broadly to effectuate the purposes of the enactment. Since Weinel's property clearly drains to a watershed within

SD1's service area, we conclude that the property is a "user" of SD1's stormwater drainage plan, even though it is not physically connected to a sewer system. Therefore, we find that SD1 was authorized to impose stormwater drainage fees on Weinel's property.

Accordingly, we reverse the opinion and order of the Campbell Circuit Court affirming the order of the Campbell District Court dismissing SD1's complaint for past-due assessments against Weinel's property. We remand this matter to the circuit court for entry of an order directing the district court to enter a judgment for SD1 against Weinel in the amount of $792.70.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jeffrey C. Mando
Olivia F. Amlung
Covington, Kentucky

ORAL ARGUMENT FOR
APPELLANT:

Jeffrey C. Mando

BRIEF FOR APPELLEE:

Christopher Wiest
Crestview Hills, Kentucky

ORAL ARGUMENT FOR
APPELLEE:

Christopher Wiest