RENDERED: APRIL 23, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0863-MR

MICHAEL SCOTT HARNEY                                        APPELLANT

APPEAL FROM FAYETTE CIRCUIT COURT
v.        HONORABLE ERNESTO M. SCORSONE, JUDGE
CASE NO. 18-CR-01408

COMMONWEALTH OF KENTUCKY                               APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: MAZE, TAYLOR, AND K. THOMPSON, JUDGES.

THOMPSON, K., JUDGE: Michael Scott Harney appeals from his judgment and

sentence pursuant to a conditional guilty plea on the basis that the Fayette Circuit

Court erred in denying his motion to suppress evidence, where he argued officers

unlawfully searched his hotel room incident to his arrest. We affirm.

On October 3, 2018, pursuant to his assignment to the U.S. Marshals

Fugitive Task Force, Lexington Police Department Detective Eric Chumley

assisted Deputy U.S. Marshal Roger Daniel in apprehending Harney on an outstanding federal arrest warrant for violating his federal supervised release conditions. Incident to Harney's arrest, Detective Chumley searched his hotel room and observed cash next to suspected methamphetamine on a digital scale (contraband). In December 2018, based on evidence seized following the search, Harney was indicted for trafficking in a controlled substance, first degree, possession of drug paraphernalia, and possession of a controlled substance, third degree.

In February 2019, Harney filed a motion to suppress evidence, arguing the search was unconstitutional rendering all evidence seized fruit of the poisonous tree. In March 2019, after conducting a suppression hearing and considering the briefs submitted by Harney and the Commonwealth, the Fayette Circuit Court denied Harney's motion to suppress evidence, orally finding that under Kentucky law and *Maryland v. Buie*, 494 U.S. 325, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990), the search was a "very appropriate" protective sweep based on information the officers had about the possibility of another person being present in Harney's hotel room and further finding that the contraband was observed after commencement of the permissible protective sweep. Shortly thereafter, an order was entered reducing to writing the circuit court's ruling "for reasons stated on the record[.]"

Immediately after the circuit court orally denied his motion to suppress evidence, Harney entered a conditional guilty plea to the amended charges of possession of a controlled substance, first degree, possession of drug paraphernalia and possession of a controlled substance, third degree. He was subsequently sentenced to three years in prison, probated for four years.

On appeal, Harney argues the circuit court erred in finding the protective sweep constitutionally permissible under *Buie* and denying his motion to suppress evidence because: (1) the bathroom was not part of the space immediately surrounding the place of arrest from which an attack could be immediately launched; and (2) officers did not have the requisite reasonable articulable suspicion that his hotel room, either the main sleeping area or its adjacent bathroom, harbored any individual posing a threat to their safety. Therefore, Harney seeks to have his conviction vacated/reversed with directions to dismiss the indictment with prejudice on remand.

"First, [we] review the factual findings of the circuit [court] to see if they are supported by substantial evidence[.]" *Commonwealth v. Pride*, 302 S.W.3d 43, 49 (Ky. 2010). "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Kentucky Rules of Civil Procedure (CR) 52.01. "[F]indings of fact are clearly erroneous only if they are manifestly against

the weight of the evidence." *Frances v. Frances*, 266 S.W.3d 754, 756 (Ky. 2008). If a "trial court's findings of fact are supported by substantial evidence . . . they are conclusive." *Commonwealth v. Neal*, 84 S.W.3d 920, 923 (Ky.App. 2002).

Detective Chumley testified the night shift manager at an extended stay hotel confirmed Harney was staying in a specific room, corroborating the information that led the officers to the hotel, and further provided Harney had rented the room earlier that evening and was "a frequent guest" of the hotel who "frequently stayed" with a second named individual. Additionally, he testified that based on the information provided by the night shift manager and the officers' observations during surveillance of Harney's room, it was unclear how many people were inside. Detective Chumley testified the officers observed a shadow behind the blinds and saw an individual enter and then exit after someone opened Harney's door but could not determine whether Harney or someone else made the shadow or answered the door. He explained he was concerned there was another person hiding in the room posing a danger to the officers' safety and that he conducted a protective sweep accordingly. Detective Chumley further testified that the protective sweep included checking the hotel room's main sleeping area and then its adjacent bathroom for such individuals, and that he observed the contraband in plain sight when he was exiting the bathroom after clearing it.

The circuit court's succinct factual findings, that the officers had information about the possibility of another person being present in Harney's hotel room at the time of his arrest and the contraband was observed after commencement of the protective sweep, are substantiated by Detective Chumley's testimony and are not manifestly against the weight of the evidence. Therefore, they are not clearly erroneous and are conclusive.

Second, we now examine whether the circuit court erred in its "application of the law to those facts to determine whether its decision [was] correct as a matter of law." *Neal*, 84 S.W.3d at 923. As this review is conducted *de novo*, we afford no weight to the circuit court's determinations. *Jackson v. Commonwealth*, 187 S.W.3d 300, 305 (Ky. 2006).

"The Fourth Amendment to the U.S. Constitution, made applicable to the [Commonwealth] through the Fourteenth Amendment and Section 10 of the Kentucky Constitution, protects citizens from unreasonable searches and seizures by the government." *Brumley v. Commonwealth*, 413 S.W.3d 280, 284 (Ky. 2013). It is "[a] basic tenet of Fourth Amendment law . . . that warrantless searches and seizures inside a home are presumptively unreasonable." *Id.* (citing *Payton v. New York*, 445 U.S. 573, 586, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980)). However, an established warrant exception is the protective sweep announced by the United States Supreme Court in *Buie*, 494 U.S. at 334, 110 S.Ct. at 1098, and

adopted by Kentucky in *Guzman v. Commonwealth*, 375 S.W.3d 805, 807 (Ky. 2012). *Brumley*, 413 S.W.3d at 284.

In *Buie*, the Court defines a protective sweep as "a quick and limited search of premises, incident to an arrest and conducted to protect the safety of police officers or others. It is narrowly confined to a cursory visual inspection of those places in which a person might be hiding." *Buie*, 494 U.S. at 327, 110 S.Ct. at 1094. Here, the evidence establishes that Detective Chumley conducted a quick and limited search of Harney's hotel room incident to Harney's arrest, narrowly confined to his cursory visual inspection of those places inside the room where a person might be hiding, for the purpose of protecting the safety of Deputy Daniel and himself. Therefore, the circuit court's determination that the search Detective Chumley conducted of Harney's hotel room was a protective sweep is sound.

The Kentucky Supreme Court has recognized that *Buie* permits "two [categories] of protective sweeps incident to an arrest that are reasonable and lawful under the Fourth Amendment." *Kerr v. Commonwealth*, 400 S.W.3d 250, 266 (Ky. 2013). Both *Buie* categories are implicated in the instant case.

In *Kerr*, the Court addressed the "first [category] of protective sweep incident to an arrest [which] allows officers, 'as a precautionary matter and without probable cause or reasonable suspicion, [to] look in closets and other spaces immediately adjoining the place of arrest from which an attack could be

immediately launched.'" *Kerr*, 400 S.W.3d at 266 (quoting *Buie*, 494 U.S. at 334, 110 S.Ct. at 1098). Applying this standard to the facts, the Court determined the sweep of the bedroom was permissible because it "was adjoining the hallway in which the officers arrested [the defendant]; and an attack could easily have been launched from the bedroom." *Id.* at 268.

Here, the evidence clearly establishes that though Harney extended his apprehension by attempting to break free and retreat into his hotel room causing the officers to pull him onto the balcony and handcuff him within a foot and a half of the open door, Harney would not have reasonably believed he was free to leave once the officers initiated his arrest by detaining him in the open doorway of the main sleeping area of his hotel room. In the record before us, there is no factual dispute about the simple supposition that an open doorway of a room is part of that room. As such, Harney was arrested in the main sleeping area of his hotel room. The evidence further establishes that Harney's room was a standard-sized hotel room with its bathroom adjacent to the main sleeping area, making both spaces immediately adjoining the place of Harney's arrest, from which an attack could be immediately launched. Therefore, it was permissible for Detective Chumley to inspect places inside the main sleeping area and adjacent bathroom where an individual could reasonably hide, and the protective sweep he conducted on

-7-

Harney's hotel room was justified, without probable cause or reasonable suspicion, under the first *Buie* category.

The Kentucky Supreme Court addressed the second *Buie* category in *Brumley*, 413 S.W.3d at 285. It clarified that post *Guzman*, reasonable suspicion is the correct constitutional standard to be applied to protective sweeps that extend beyond the area immediately adjoining the place of arrest pursuant to *Buie*. *Id*. In *Buie*, the Court held that in order for this type of protective sweep to be constitutionally permissible, "there must be articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene." *Buie*, 494 U.S. at 334, 110 S.Ct. at 1098. As explained in *Simpson v. Commonwealth*, 474 S.W.3d 544, 549 (Ky. 2015), "[j]ustification for this type of sweep implicates the well-known reasonable suspicion standard as stated in *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)."

"Reasonable suspicion must be determined 'under the totality of the circumstances considering "all of the information available to law enforcement officials at the time." *Brumley*, 413 S.W.3d at 285 (quoting *Humphrey v. Mabry*, 482 F.3d 840, 846 (6th Cir. 2007) and *Feathers v. Aey*, 319 F.3d 843, 849 (6th Cir. 2003)). "However, determinative information must relate to the purpose for which

the protective sweep exception was created." *Id.* "The justification for a protective sweep is the safety threat posed by unseen third parties[.]" *Id. See also Guzman*, 375 S.W.3d at 807. In the absence of information about another person being inside who poses a danger to those on the scene, a protective sweep is not justified under *Brumley*, 413 S.W.3d at 288.

Considering the totality of the circumstances surrounding Harney's arrest, as established by Detective Chumley's undisputed testimony which included information provided by the night shift manager and the officers' observations, the officers had articulable facts which, taken together with the rational inferences from those facts, warranted Detective Chumley as a reasonably prudent officer in believing Harney's hotel room harbored an individual posing a danger to their safety as they completed the arrest. Therefore, the protective sweep was also justified and permissible under the second *Buie* category.

Accordingly, we affirm the judgment of the Fayette Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Kathleen K. Schmidt
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Mark D. Barry
Assistant Attorney General
Frankfort, Kentucky