RENDERED: SEPTEMBER 24, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2020-CA-0837-MR

MARIAH NICHOLS                                                          APPELLANT

APPEAL FROM BELL CIRCUIT COURT
v.        HONORABLE ROBERT V. COSTANZO, JUDGE
ACTION NO. 19-CI-00254

TIFFANY BRICE NICHOLS                                                   APPELLEE

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE:  ACREE, GOODWINE, AND JONES, JUDGES.

JONES, JUDGE:  The Appellant, Mariah Nichols, appeals the Bell Circuit Court's

Findings of Fact and Conclusions of Law as incorporated by reference into its final

Judgment and Decree dissolving Mariah's marriage to the Appellee, Tiffany Brice

Nichols, awarding the parties joint legal custody of their minor child, G.T.W.A.

("Child"), and designating Tiffany as Child's primary residential custodian.  On

appeal, Mariah asserts the circuit court erred when it awarded Tiffany substantially

more parenting time with Child without first having made a finding that equal parenting time was not in Child's best interest as required by KRS[1] 403.270(2). Having reviewed the record and being otherwise sufficiently advised, we agree with Mariah. KRS 403.270(2) creates a rebuttable presumption in favor of equal timesharing. The circuit court's order does not contain any findings to explain why it chose to deviate from the presumption. As such, it does not comply with *Anderson v. Johnson*, 350 S.W.3d 453 (Ky. 2011), and *Keifer v. Keifer*, 354 S.W.3d 123 (Ky. 2011), which require written findings of fact in all matters affecting child custody and timesharing. Accordingly, we must vacate and remand the order as related to timesharing.

## I. BACKGROUND

Tiffany and Mariah were married on October 10, 2016. In September of 2019, Tiffany petitioned the circuit court to dissolve the parties' marriage. Tiffany was pregnant at the time she filed the petition for dissolution. On December 29, 2019, while the marriage was still intact, Tiffany gave birth to Child.

Approximately three months after Child's birth, the circuit court conducted a final evidentiary hearing. Custody and timesharing were the primary focus of the hearing. Because she was still breastfeeding Child, Tiffany wanted to be designated Child's primary residential custodian; Tiffany did not object to

---

[1] Kentucky Revised Statutes.

Mariah having limited time with Child. However, she was concerned that she would not be able to pump and store enough breast milk to accommodate the "week on/week off" schedule proposed by Mariah, especially given the three-hour distance between the parties' residences. For her part, Mariah testified that she was able to care for Child, provide him a safe and nurturing environment, and desired equal time with him.

On June 16, 2020, the circuit court entered its Findings of Fact and Conclusions of Law ("Findings"), which it incorporated by reference into a final Judgment and Decree entered the same day. Paragraph 6 of the circuit court's Findings provides:

> The Court finds that it is in the best interest of the infant child for the Parties to be awarded Joint custody with [Tiffany] being the Primary Residential Custodian and [Mariah] having visitation as set out in the attached visitation schedule of Bell Circuit Court. Visitation exchanges shall be conducted at Exit 38 on Interstate 75, London, Kentucky. [Mariah] shall pay child support in compliance with the Kentucky Child Support Chart.

The circuit court appended its timesharing schedule for children younger than eighteen months to its Findings. Pursuant to that schedule, Mariah has timesharing with Child every first and third weekend day from 1:00 p.m. to 6:00 p.m. and every Wednesday from 6:00 p.m. to 8:00 p.m. Application of the schedule results in Tiffany having Child greater than 95% of the time.

## II. ANALYSIS

Before we delve into the merits of this appeal, we must first address Tiffany's motion to dismiss. Tiffany argues that we should strike Mariah's brief and dismiss her appeal for failure to comply with the briefing requirements of CR[2] 76.12(4). Tiffany points out that Mariah failed to conform her brief to the requirements of CR 76.12(4)(c)(iv), which requires the statement of the case to contain ample references to the record, and CR 76.12(4)(c)(v), which requires the beginning of each argument to contain a statement with reference to the record showing where the issue was properly preserved for review and in what manner. Mariah counters that she was not required to preserve her argument via a CR 52.02 motion because the circuit court failed make any factual findings to support its deviation from the presumption in favor of equal timesharing.

Mariah is correct that the circuit court's failure to make any kind of a finding regarding the necessity of deviating from the presumption in favor of equal timesharing absolved her of the requirement to request additional findings by filing a CR 52.02 motion. *Anderson*, 350 S.W.3d at 458 ("[A]s a matter of policy, when a court fails to make any kind of factual findings as required, the litigant should not be prohibited from asking an appellate court to require the lower court to make

---

[2] Kentucky Rules of Civil Procedure.

such findings."); *Keifer*, 354 S.W.3d at 126 ("A bare-bone, conclusory order such as the one entered here, setting forth nothing but the final outcome, is inadequate and will enjoy no presumption of validity on appeal.").

However, we cannot agree that the circuit court's failure to make the requisite findings absolved Mariah from following the most basic briefing requirements of our Civil Rules. While Mariah was not required to file a CR 52.02 motion to preserve the issue of lack of any findings, she still should have identified in the preservation section of her brief where she put the circuit court on notice that she wanted equal timesharing. A proper brief would have contained citations to the petition for dissolution and Mariah's response showing that she requested equal timesharing as well as any testimony or argument at the hearing related to her request for equal time with Child. Additionally, a proper brief would have identified where in the record, by page number, the circuit court erred.

While Mariah's brief does not technically conform to our requirements, the record is relatively short and the issue is not complex. While we would be within our rights to sanction Mariah for her failure, this appeal involves issues of child custody and timesharing. The imposition of sanctions, which could affect the outcome of the case, are not always appropriate in appeals involving child custody, timesharing, or support. *See Galloway v. Pruitt*, 469 S.W.2d 556, 557 (Ky. 1971). Given the discrete issue involved, the relatively short record, and

the magnitude of the issue, we elect not to impose any sanctions on Mariah, and will deny Tiffany's motion to dismiss by separate order. However, we caution counsel that failure to follow our briefing requirements in future appeals could result in sanctions.

We now turn to the substance of the circuit court's order regarding timesharing. We review the circuit court's decisions as to primary residential custody and timesharing under the standards of KRS 403.270. *Frances v. Frances*, 266 S.W.3d 754, 756 (Ky. 2008); *Chappell v. Chappell*, 312 S.W.3d 364, 366 (Ky. App. 2010). The circuit court has broad discretion to decide custody and timesharing. *Jones v. Livesay*, 551 S.W.3d 47, 51 (Ky. App. 2018). In reviewing a decision as to where a child will primarily live and how much time he will spend with his respective parents, we are required to defer to the circuit court's findings of facts so long as they are supported by substantial evidence. *Frances*, 266 S.W.3d at 758. The circuit court is in the best position to resolve the conflicting evidence and make the determination that is in the child's best interest. *Id*. at 758-59. So long as the circuit court properly follows the mandates of KRS 403.270, we will defer to its decision if it is neither clearly erroneous nor an abuse of discretion. *Id*. at 759.

On appeal, Mariah argues that the circuit court did not follow the mandates of KRS 403.270 where it awarded Tiffany substantially more time with

Child without making any finding that equal parenting time was not in Child's best interest. KRS 403.270(2) provides that a "court shall determine custody in accordance with the best interests of the child and equal consideration shall be given to each parent and to any de facto custodian." The statute creates a presumption, rebuttable by a preponderance of the evidence, "that joint custody and equally shared parenting time is in the best interest of the child." KRS 403.270(2). The statute provides a lengthy list of factors for the court to consider in determining the best interests of the child. If the court determines that a deviation from equal parenting time is appropriate, it must set forth a parenting time schedule maximizing the time each parent has with the child and "consistent with ensuring the child's welfare." KRS 403.270(2).

The circuit court did not make any factual findings to support its ultimate conclusion that it was in Child's best interest for Tiffany to be the primary residential custodian sufficient to overcome the presumption in favor of equal parenting time. While the record may contain evidence that would support the circuit court's ultimate conclusion, we do not have the authority to make supportive findings where there is no indication that the lower court actually considered or relied on the evidence. *See Transportation Cabinet v. Caudill*, 278 S.W.3d 643, 648 (Ky. App. 2009). Since we cannot discern the basis of the circuit court's decision, we cannot conduct a meaningful appellate review of its decision

to deviate from the presumption in favor of equal parenting time. *McKinney v. McKinney*, 257 S.W.3d 130, 134 (Ky. App. 2008).

Therefore, we must vacate the portion of the circuit court's order with respect to timesharing. On remand the circuit court must apply the presumption in favor of equal parenting time. After considering all the evidence in relation to the best interest factors, the circuit court should only deviate from the presumption if it concludes that equal parenting time is not in Child's best interest. It must then render written findings of fact to support its ultimate conclusions. While the findings need not be overly detailed, they must be sufficient for any later reviewing court to determine that the circuit court engaged in the proper analysis and to identify the evidence it relied upon in reaching its ultimate conclusions. Should the circuit court determine that it is necessary to change the parenting time schedule, it may also need to reassess the amount of child support.

### III. CONCLUSION

For the foregoing reasons, we vacate the Bell Circuit Court's order and remand for additional findings of fact.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Levi Z. Turner | Kellie D. Wilson |
| Middlesboro, Kentucky | Harlan, Kentucky |