RENDERED:  AUGUST 26, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1122-MR

DAMON J. KING                                                  APPELLANT

v.
APPEAL FROM HARDIN FAMILY CIRCUIT COURT
HONORABLE PAMELA ADDINGTON, JUDGE
ACTION NO. 19-CI-01702

LINDSEY HARROD                                                APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  GOODWINE, MAZE, AND K. THOMPSON, JUDGES.

MAZE, JUDGE:  Damon J. King (King) appeals from orders of the Hardin Family

Court denying his motions to modify parenting time and to change the minor

child's primary residence.  Finding no error or abuse of discretion, we affirm.

## BACKGROUND

King was married to Lindsey Harrod (Harrod) on June 18, 2016. The parties had one child together, O.J.K., born February 26, 2018. The marriage was dissolved on March 5, 2020, in Hardin Family Court. In its findings of fact, conclusions of law, and judgment/decree of dissolution of marriage, the family court incorporated the terms of the parties' separation agreement. That agreement, executed on December 6, 2019, provided that while the parties would have joint custody of O.J.K., Harrod would be the primary residential custodian. King was to have parenting time every other weekend with additional days during breaks or holidays as agreed by the parties. At that time, King lived in Hardin County and Harrod lived in Washington County. The parties abided by this schedule, with modifications by agreement, primarily necessitated by the COVID-19 pandemic.

In October of 2020, King relocated to Jefferson County, where he had accepted a teaching position. On December 2, 2020, he moved to modify parenting time. A hearing was scheduled for April 9, 2021. In the interim, the parties tendered an agreed order entered on March 5, 2021, giving King parenting time from Tuesday at 6:00 p.m. through Sunday at 6:00 p.m., every other week. On March 31, 2021, King filed a further motion to modify parenting time requiring O.J.K. to reside primarily with him, noticed for the April 9, 2021, hearing.

At that time, the family court heard testimony from King and Harrod as well as Jennifer Dean, O.J.K.'s speech therapist, and Harrod's mother, Debbie. On July 6, 2021, the family court entered its initial findings of fact, conclusions of law, and judgment.[1]

The court found, generally, that the parties' testimony was consistent. However, where there were variations in the testimony, the court noted such. For example, King expressed concern as to the health of Harrod's mother and her paramour, Michael Anderson, as it related to their ability to care for the child. Debbie testified that neither she nor Anderson had any significant health issues beyond "normal old people stuff." The court found that the child "is well adjusted and well taken care of by his parents as well as Ms. Harrod and Mr. Anderson."

The court also found that the parties' testimony differed as to one another's parenting abilities and the resulting effects on the child. Harrod testified that the child is happy and had no behavioral issues beyond those associated with a three-year-old. She stated that King was a good father who loves his son. King, however, did not testify that O.J.K. is happy and he asserted that Harrod is not a good mother. He later clarified that, while she might have been a good mother for a younger child, she was not a good mother for a three-year-old. Noting that

---

[1] An amended findings of fact, conclusions of law, and judgment decree was entered on July 20, 2021, for the purpose of correcting King's first name from "David" to "Damon."

photographs had been submitted depicting the child as "seemingly extremely happy with both parties," the court rejected King's assessment, finding that his testimony was neither "sincere or correct." The court concluded that both parents were "good parents who both love their child."

Most striking to the court was the conflicting testimony between King and Harrod as to the need to change the child's primary residence. King testified that he sought to move his son to Jefferson County to "be closer to family" and to take advantage of the social and educational opportunities available in a larger community. Meanwhile, Harrod testified that the child should remain with her because he is "adjusted to his school, community, and family . . . ."

The family court found as a matter of law that modification of time-sharing arrangements is governed by KRS[2] 403.320(3), utilizing the best interest of the child standard of KRS 403.270(2). The court focused its analysis on KRS 403.270(2)(a), (c), and (e), considering the wishes of the parents, the child's interactions with his parents, and the child's "adjustment and continuing proximity to his or her home, school and community." Based upon the testimony and exhibits before it, the court concluded that it was in the best interest of O.J.K. to maintain primary residency with Harrod without further timesharing modification.

---

[2] Kentucky Revised Statutes.

King then moved the family court, pursuant to CR[3] 52.01, to make additional findings as to Harrod's mental health as provided in KRS 403.270(2)(f), and the court entered a supplemental order finding that any mental health evidence presented "was so nominal that it was not a sufficient factor to cause concern to the Court," and was not "probative" on the issue of Harrod's ability to parent.

## ANALYSIS

The standard of review applicable to a family court's determination is whether it was an abuse of discretion or "clearly erroneous in light of the facts and circumstances of the case." *Drury v. Drury*, 32 S.W.3d 521, 525 (Ky. App. 2000). Further, if the reviewing court finds that the trial court has properly considered the factors set forth in KRS 403.270 and has not abused its discretion or committed clear error, it will defer to the decision of the trial court. *Barnett v. White*, 584 S.W.3d 755, 759 (Ky. App. 2019) (citing *Frances v. Frances*, 266 S.W.3d 754, 759 (Ky. 2008)). Whether this Court would have decided the matter differently does not impact its analysis. *Cherry v. Cherry*, 634 S.W.2d 423, 425 (Ky. 1982). Yet, this is precisely what this Court has been asked to do.

KRS 403.320(3) states that "[t]he court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child . . . ." KRS 403.270(2)(a)-(k) sets forth "a list of non-exclusive,

---

[3] Kentucky Rules of Civil Procedure.

demonstrative factors to be considered in custodial determinations." *Frances*, 266 S.W.3d at 756. However, the statute also provides that the family court need only consider those factors that it deems "relevant." *Id.*

In this case, the court considered as "relevant" the factors listed in KRS 403.270(2)(a), (c), and (e), considering the wishes of King and Harrod; O.J.K.'s "interactions" not only with his parents, but with his caretakers, Debbie Harrod and Michael Anderson; and the child's "adjustment and continuing proximity to his or her home, school and community."

Moreover, upon King's motion, the family court reviewed the "mental and physical health of all the individuals involved," as required by KRS 403.270(2)(f). Harrod testified that at the time of the hearing she was taking medications for depression and anxiety as well as birth control. She also indicated that she received regular shots for migraines. This testimony lasted for a total of twenty-four seconds. Although she conceded that she had missed ten days from her teaching job during the 2020 school year, there was no testimony that any of these absences were related to mental health issues. This testimony took less than two minutes.

"The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles."

-6-

*Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000).

Applying this "test" to the case at bar, this Court can find no abuse of discretion.

Accordingly, we affirm.

ALL CONCUR.


BRIEF FOR APPELLANT:

Jeremy S. Aldridge
Elizabethtown, Kentucky

BRIEF FOR APPELLEE:

Timothy E. Ash
Springfield, Kentucky