RENDERED: DECEMBER 6, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0188-MR

ERIC GANT                                                         APPELLANT

v.

APPEAL FROM JEFFERSON FAMILY COURT
HONORABLE LORI N. GOODWIN, JUDGE
ACTION NO. 18-CI-500222

CHRISTA GANT                                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, MCNEILL, AND TAYLOR, JUDGES.

MCNEILL, JUDGE: This is an appeal from a child custody order entered by the Jefferson Circuit Court, Family Division. Appellant is Eric Gant (Father). Appellee is Christa Gant (Mother). The parties were married in October 2014. They were divorced on September 28, 2018. Two minor children were born of the marriage, E.G. and G.G. The family court held a two-day custody trial and

ultimately awarded sole custody to Mother.[1]  The court ordered Father to attend counseling and awarded him supervised visits.  Father raises two issues on appeal: 1) the court erred when it did not strike the report of expert witness Dr. Kathryn Berla; and 2) the court abused its discretion when it awarded sole custody to Mother and not expanding Father's parenting time.  For the following reasons, we affirm.

## STANDARD OF REVIEW

To begin, this case involves an initial custody determination.  It is well-established that an initial custody determination is governed by Kentucky Revised Statutes (KRS) 403.270(2), which provides that the "court shall determine custody in accordance with the best interests of the child."  Under the statute, the court shall "consider all relevant factors" and shall specifically consider:

> (a) The wishes of the child's parent or parents, and any de facto custodian, as to his or her custody;
>
> (b) The wishes of the child as to his or her custodian, with due consideration given to the influence a parent or de facto custodian may have over the child's wishes;
>
> (c) The interaction and interrelationship of the child with his or her parent or parents, his or her siblings, and any other person who may significantly affect the child's best interests;

---

[1]  Prior thereto, a Dependency, Neglect, or Abuse order was entered against Father for spanking and injuring his son, E.G.  E.G. has multiple special needs.

(d) The motivation of the adults participating in the custody proceeding;

(e) The child's adjustment and continuing proximity to his or her home, school, and community;

(f) The mental and physical health of all individuals involved;

(g) A finding by the court that domestic violence and abuse, as defined in KRS 403.720, has been committed by one (1) of the parties against a child of the parties or against another party. The court shall determine the extent to which the domestic violence and abuse has affected the child and the child's relationship to each party, with due consideration given to efforts made by a party toward the completion of any domestic violence treatment, counseling, or program;

(h) The extent to which the child has been cared for, nurtured, and supported by any de facto custodian;

(i) The intent of the parent or parents in placing the child with a de facto custodian;

(j) The circumstances under which the child was placed or allowed to remain in the custody of a de facto custodian, including whether the parent now seeking custody was previously prevented from doing so as a result of domestic violence as defined in KRS 403.720 and whether the child was placed with a de facto custodian to allow the parent now seeking custody to seek employment, work, or attend school; and

(k) The likelihood a party will allow the child frequent, meaningful, and continuing contact with the other parent or de facto custodian, except that the court shall not consider this likelihood if there is a finding that the other parent or de facto custodian engaged in domestic violence and abuse, as defined in KRS 403.720, against

the party or a child and that a continuing relationship
with the other parent will endanger the health or safety of
either that party or the child.

KRS 403.270(2)(a)-(k).

KRS 403.270 mandates that custody be determined in accordance with the best interests of the child. The best interests determination is a conclusion of the law reached by the family court after finding under Kentucky Rules of Civil Procedure (CR) 52.01. Under CR 52.01, the family court is required to make specific findings of fact and state separately its conclusions of law relied upon to render the court's judgment. Further, those "[f]indings of fact, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." CR. 52.01. *See also Frances v. Frances*, 266 S.W.3d 754, 756 (Ky. 2008).

While deferential to the lower court's factual findings, appellate review of legal determinations and conclusions of law from a bench trial is *de novo*. *Sawyers v. Beller*, 384 S.W.3d 107, 110 (Ky. 2012).

To summarize our review, if the findings of fact by the family court are supported by substantial evidence and the correct law is applied, the ruling of the family court will only be reversed for an abuse of discretion. *See Coffman v. Rankin*, 260 S.W.3d 767, 770 (Ky. 2008) (citing *B.C. v. B.T.*, 182 S.W.3d 213, 219-20 (Ky. App. 2005)).

We also review rulings on "admissibility of expert testimony for an abuse of discretion unless the challenge is to the trial court's findings of fact regarding the *Daubert* [*v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993)] factors, which we review for clear error." *Garrett v. Commonwealth*, 534 S.W.3d 217, 221 (Ky. 2017) (citing *Miller v. Eldridge*, 146 S.W.3d 909, 915 (Ky. 2004)). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted). Our review shall proceed accordingly.

## ANALYSIS

Dr. Kathryn Berla, a court appointed expert, performed a custody evaluation and submitted a written report that was filed in this case in September of 2018, almost three years before the trial. The report was part of the evidence properly considered at trial and by the family court in its February 8, 2023, order, awarding sole custody of the children to Mother. *See* Family Court Rules of Procedure and Practice 4(4)(a). Father concedes that Dr. Berla was "the mutually agreed upon custodial evaluator in this case." However, on July 5, 2022, almost six months after the custody trial had concluded, Father filed a motion seeking to strike Dr. Berla's report from the record, as well as any cross-examination

-5-

testimony of Father at trial related to the report.  Based on our review of the record,

Father did not object to the filing of the report prior to or during the trial.[2]

In Kentucky, the preservation of an alleged error at trial or an

evidentiary hearing regarding the admission or exclusion of evidence is governed

by Kentucky Rules of Evidence (KRE) 103, which provides, in relevant part:

> (a) Effect of erroneous ruling.  Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected; and
>
> (1) Objection.  If the ruling is one admitting evidence, a timely objection or motion to strike appears of record . . . [.]
>
> . . . .
>
> (d) Motions in limine.  A party may move the court for a ruling in advance of trial on the admission or exclusion of evidence.  The court may rule on such a motion in advance of trial or may defer a decision on admissibility until the evidence is offered at trial.  A motion in limine resolved by order of record is sufficient to preserve error for appellate review.  Nothing in this rule precludes the court from reconsidering at trial any ruling made on a motion in limine.
>
> (e) Palpable error.  A palpable error in applying the Kentucky Rules of Evidence which affects the substantial rights of a party may be considered by a trial court on motion for a new trial or by an appellate court

---

[2] Father does not direct this Court to where and how this issue was preserved at trial for review on appeal as required by Kentucky Rules of Appellate Procedure 32(A)(4), which presumably is why he seeks manifest injustice review on this issue.

on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.

As noted, Father did not object to Dr. Berla's report at trial, nor did he object to her qualifications. He also failed to file a motion *in limine* prior to trial to preclude consideration of the report, nor did he timely file a motion to strike the report at the conclusion of the trial. Rather, Father called his own expert to testify at trial in an attempt to refute Dr. Berla's report, which the family court duly considered as the fact-finder in this case. And, Father's attack on Dr. Berla's report almost six months after trial was based on allegations of unethical conduct by Dr. Berla rather than the actual substance of the report. As fact-finder, the family court judge was in the best position to weigh the evidence presented at trial and judge the credibility of the witnesses. Given Father's failure to object to Dr. Berla's report at trial and given that Dr. Berla was a court appointed expert agreed to by both parties, any argument on appeal regarding Dr. Berla's report or her qualifications was not properly preserved for review by this Court under KRE 103(a)(1). Likewise, we do not find any palpable error or manifest injustice under KRE 103(e) or CR 61.02 in the family court's ruling.

For his second argument, Father contends that the court abused its discretion when it awarded sole custody to Mother and not expanding Father's parenting time. Factors for the court to consider are listed at length under KRS

-7-

403.270(2). Father's precise argument here is that the court erroneously failed to consider the wishes of the children. KRS 403.270(2)(b). We have reviewed the court's twenty-five paged custody order. It extensively considers the record and the applicable statutory factors. We certainly cannot conclude that the court abused its discretion. Lastly, we emphasize that the family court's order permits Father to "file a motion for a review of his parenting time/expansion of [his] parenting time after his three months of supervised visits . . . has elapsed[.]"

## CONCLUSION

For the foregoing reasons, we hereby affirm the Jefferson Family Court's Findings of Fact and Conclusions of Law entered on February 8, 2023.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Allison Spencer Russell
Louisville, Kentucky

BRIEF FOR APPELLEE:

Mary Rives Chauvin
Louisville, Kentucky