RENDERED: SEPTEMBER 19, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0863-MR

SHELBIE RENEE MCNITT                                     APPELLANT

v.            APPEAL FROM BOYD CIRCUIT COURT
                HONORABLE GEORGE DAVIS, JUDGE
                   ACTION NO. 24-CI-00071

KENNETH JOHN MCNITT                                   APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: A. JONES, L. JONES, AND KAREM, JUDGES.

JONES, L., JUDGE: Shelbie Renee McNitt brings this appeal from a June 28, 2024 Decree of Dissolution of Marriage (Decree) awarding the parties joint custody of their minor child, M.K.M., and designating Kenneth John McNitt as the primary residential parent. We affirm.

       Shelbie and Kenneth were married on October 14, 2020.

One child, M.K.M., was born of the parties' marriage in April of 2021. During the marriage, the parties lived together in North Carolina as Kenneth was serving in the military. The parties separated in early July 2023, and Shelbie and M.K.M. eventually moved to Kentucky. Shelbie filed a Petition for Dissolution of Marriage in the Boyd Circuit Court on January 26, 2024. A hearing was conducted and the Report and Recommendations of the Domestic Relations Commissioner (DRC's Recommendations) were entered May 30, 2024. Therein, the DRC recommended the parties be awarded joint custody of M.K.M. and named Kenneth as the primary residential parent. Shelbie timely filed Exceptions to the DRC's Recommendations and an Order overruling Shelbie's exceptions was entered on June 17, 2024. Shelbie then filed a motion to amend the June 17, 2024 Order to include language that it was a "Final and Appealable Order and there is no just cause for delay." *See* CR[1] 54.02. The Motion to Amend was granted and an Amended Order including the finality language was entered. The Decree, which incorporated the DRC's Recommendations, was entered on June 28, 2024. This appeal follows.

The only issue of contention between the parties is timesharing for their minor child, M.K.M. M.K.M. had a significant heart defect that required a heart transplant when he was just six-months old. At that time, the parties were

---

[1] Kentucky Rules of Civil Procedure.

living in North Carolina where Kenneth was serving in the military. M.K.M.'s heart transplant was performed in North Carolina at Duke Children's Hospital.

Shelbie and Kenneth separated in July of 2023. Shelbie took M.K.M. with her to live with her grandparents in Ohio. M.K.M. began receiving treatment for his heart at the University of Cincinnati Children's Hospital. The living arrangement with Shelbie's grandparents lasted only a short time; Shelbie and M.K.M. then moved in with Shelbie's mother. At the time of the hearing, Shelbie and M.K.M. were living in Ashland, Kentucky. Kenneth originally remained in North Carolina due to his military service but subsequently moved to his hometown of Lewistown, Pennsylvania to live with his parents.

Shelbie contends the circuit court erroneously applied KRS[2] 405.020 rather than KRS 403.270 to this initial custody determination. Kenneth responds that the reference to KRS 405.020 in the DRC's Recommendations (as incorporated into the Decree) was merely a "simple typographical error[.]" Kenneth's Brief at 8-9. Kenneth points out that the DRC's Recommendations addressed many of the factors set forth in KRS 403.270(2).

The parties do not dispute that an initial custody determination is governed by KRS 403.270. *Layman v. Bohanon*, 599 S.W.3d 423, 429 (Ky. 2020). Additionally, as this case involved an initial custody determination, the primary

---

[2] Kentucky Revised Statutes.

residential parent designation is also governed by the best interests standard of KRS 403.270. *Frances v. Frances*, 266 S.W.3d 754, 756 (Ky. 2008). The term "best interests" is not defined in KRS 403.270; however, the statute does provide relevant factors to be considered in a best interests determination. *Id.* Those relevant factors can be summarized as follows: (1) the wishes of the child's parents as to custody; (2) the wishes of the child regarding his custodian, the child's interaction and interrelationship with his parent or parents, siblings, and other persons that might significantly affect the child's best interests; (3) the motivation of the adults participating in the custody proceeding; (4) the child's adjustment and continuing proximity to his home, school, and community; and (5) the mental and physical health of all individuals involved.

The standard of review of an initial custody determination and designation of a primary residential parent is the same. The circuit court's findings of fact will not be disturbed unless clearly erroneous. *Frances*, 266 S.W.3d at 756; CR 52.01. Findings of fact are clearly erroneous if not supported by substantial evidence of a probative value. *Frances*, 266 S.W.3d at 756. The circuit court is also in the best position to resolve any issues involving conflicting evidence and to determine what is in the child's best interests. *Id.* at 758-59. If the circuit court's findings of fact were supported by substantial evidence, the court's decision will not be disturbed unless there was an abuse of discretion. *Id.* at 756.

In the DRC's Recommendations entered May 30, 2024, and incorporated into the Decree, the evidence to support the court's decision was summarized as follows:

> The Commissioner makes this recommendation based upon her judgment of the witness's [sic] demeanor and the life choices they are making as testified to at the hearing. The Commissioner finds that [Kenneth] is stable, has close family support with specialized persons, and is ready, willing and able to take care of the child. [Shelbie], on the other hand, is unstable, lacking a fulltime job but more concerning is her desire to move to Texas with a new found boyfriend and a child who needs specialized medical care rather than staying close to where she has family support. Also concerning to the Commissioner is the fact that she was kicked out of the house by her grandparents. The Commissioner finds that the reasoning given by [Shelbie] that she was kicked out of the grandparents' home, namely that she would not go after child support from [Kenneth], is not credible and that she is being less than truthful with the Commissioner in regards to the reasons why.

Trial Record at 54.

From our review of the record including the DRC's Recommendations, we believe the circuit court clearly considered the wishes of the parents, the child's relationship with both parents and other persons that might affect the child's best interest, motivation of those participating in proceeding, and the mental and physical health of individuals involved, especially the health issues of the child. In other words, the circuit court clearly considered the relevant factors for a determination of best interests as set forth in KRS 403.270. In so

doing, the circuit court determined that designating Kenneth as the primary residential parent was in M.K.M.'s best interests. Our standard of review requires that we give a great deal of deference to the circuit court. Therefore, we cannot say the circuit court abused its discretion or that the findings of fact were clearly erroneous. Thus, we conclude the circuit court applied the correct statute and did not commit reversible error by either referencing KRS 405.020 or designating Kenneth as M.K.M.'s primary residential parent.

For the foregoing reasons, the June 28, 2024 Decree of Dissolution of Marriage entered in the Boyd Circuit Court is affirmed.


ALL CONCUR.


BRIEF FOR APPELLANT:

Marie E. Troxler
Russell, Kentucky

BRIEF FOR APPELLEE:

R. Stephen McGinnis
Greenup, Kentucky